Jacqueline Stokes v. Commissioner.
Stokes v. Commissioner
Docket No. 4824-69 SC.
United States Tax Court
T.C. Memo 1970-200; 1970 Tax Ct. Memo LEXIS 160; 29 T.C.M. (CCH) 887; T.C.M. (RIA) 70200; July 16, 1970, Filed Jacqueline Stokes, pro se, 3347 Acushnet Ave., New Bedford, Mass. David L. Miller, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $143 in petitioner's Federal income tax for the year 1967, based upon adjustments disallowing the following claimed deductions and including unreported income: 1.
Medical expenses
$ 171.36
2.
Casualty loss
795.00
3.
Tip income
90.00
Findings of Fact Some facts were stipulated and are so found. Jacqueline Stokes (herein called petitioner) is a single person who filed her 1967 Federal income tax return with the director, North-Atlantic Service Center, Andover, Massachusetts. At the time her petition was filed herein she resided in New Bedford, Massachusetts. During 1967 petitioner *161 underwent an appendectomy and received treatment for an ear infection. Petitioner paid neither the hospital bill nor the surgery bill for her appendectomy. Petitioner's parents had some sort of medical insurance in 1967. Petitioner offered neither documentary evidence nor testimony as to the type or amount of medical bills she personally paid in 1967. Petitioner owned a 1961 Volkswagen convertible which was stolen, wrecked and burned in December 1967. At the time of the theft, the fair market value of the automobile was $895. The automobile was financed and was insured against collision, fire and theft. The insurance company never denied liability, but initially it offered petitioner only $395 for the automobile. Petitioner negotiated with the insurance company until May 1968 and the negotiations resulted in an eventual settlement of $895. During such period the petitioner incurred storage costs of $91 for the automobile. Petitioner worked as a waitress in a small airport coffee shop for about six months in 1967. She served an average of 25 888 persons per day, receiving small tips from "about all of them." Her unreported tip income in 1967 exceeded the $90 determined by respondent *162 in the notice of deficiency. Opinion Petitioner apparently received some assistance from the Internal Revenue Service in preparing her 1967 Federal income tax return. For that reason she and her mother expressed surprise and annoyance that the Service now challenges certain items on that return. While we can understand their dissatisfaction at this turn of events, the advice given by the agent in these circumstances does not bind or estop the respondent. Each year the Internal Revenue Service provides information and assistance to millions of taxpayers on an informal basis. Its employees cannot be expected to be correct as to every question asked or held to a standard of infallibility, especially when all the facts may not have been fully presented. See Nowland v. Commissioner, 244 F. 2d 450, 453 (C.A. 4, 1957); and compare Jules Cowan, 54 T.C. 647 (March 26, 1970). On this record we must hold for the respondent. Petitioner offered us no evidence as to medical expenses paid by her. In fact, the cost of her appendectomy was paid by her parents. She seemed unsure of which bills she had paid and which bills they had paid. Without any basis for estimation, *163 we conclude that petitioner has failed to carry her burden of proof as to this adjustment. Rule 32, Tax Court Rules of Practice; Welch v. Helvering, 290 U.S. 111 (1933). Petitioner's automobile was fully insured when it was stolen. The insurer did not dispute liability; it merely disputed the value of the automobile. Petitioner eventually recovered its full value. To have a deductible casualty loss under section 165, Internal Revenue Code of 1954, the taxpayer must have actually sustained a loss. Insurance proceeds received or expected to be received must be used to reduce the amount of the loss. Here there was a reasonable prospect of reimbursement. Section 1.165-1 (d)(2), Income Tax Regs. Petitioner's loss on the automobile was insured and a few months later she was reimbursed in full by the insurance company. Respondent was therefore correct in disallowing the claimed casualty loss deduction. With respect to the unreported tips, petitioner apparently thought the small amounts she received were not taxable income. That is not the law. Such amounts constitute gross income. Her own testimony indicated tip income of at least $2 per day, which more *164 than sustains respondent's determination of $90. Accordingly, Decision will be entered for the respondent.