JULES COWAN AND YETTA COWAN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4038–69. Filed March 26, 1970.

*Mark Pastor*, for petitioner Jules Cowan.
*Loren P. Oakes*, for the respondent.

## OPINION

Respondent takes the position that under the provisions of section 6213(a)[2] petitioners' petition to this Court was required to be filed within 90 days after the notice of deficiency was mailed to each of them. Respondent takes the further position that any statements made to Jules Cowan by unidentified employees of the Internal Revenue Service would not extend the time allowed by statute for filing a petition with this Court.

Petitioner contends that he had 150 days from May 7, 1969, to file a petition with this Court contesting the deficiencies determined in the notice mailed to him on that date, since within the meaning of section 6213(a) the notice was addressed "to a person outside the States of the Union and the District of Columbia." Petitioner takes the further position that the notice should be considered to have been mailed to him on May 8 and not May 7 because of statements made to him by Internal Revenue Service employees.

The deficiency notice clearly informed petitioner that he had 90 days, or if out of the United States 150 days, within which to file a petition to this Court. The fact that two Internal Revenue Service employees may have computed 90 days from May 7, 1969, to be

---

[2] SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT.

(a) TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.—Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

August 6, 1969, and not August 5, 1969, in no way serves to extend the time petitioner had for filing the petition.[3] Petitioner, himself, was capable of determining the 90-day or the 150-day period. Petitioner relies on *Eppler* v. *Commissioner*, 188 F. 2d 94 (C.A. 7, 1951), reversing an order of this Court; *Arlington Corp.* v. *Commissioner*, 183 F. 2d 448 (C.A. 5, 1950), reversing an order of this Court; *Arkansas Motor Coaches* v. *Commissioner*, 198 F. 2d 189 (C.A. 8, 1952), reversing an order of this Court; and *Tenzer* v. *Commissioner*, 285 F. 2d 956 (C.A. 9, 1960), reversing an order of this Court. Each of these cases, except *Arlington Corp.*, deals with a deficiency notice which was mailed by registered or certified mail, not received by the taxpayer to whom it was addressed but returned to the Internal Revenue Service and again mailed or personally delivered to the addressee. *Arlington Corp.* v. *Commissioner*, *supra*, deals with a notice sent to an incorrect address of the taxpayer. These cases in no way support petitioner's contention that he had additional time to file his petition because of statements made to him by employees of the Internal Revenue Service. We hold that the statements made to petitioner Jules Cowan by the unidentified employees of the Internal Revenue Service did not extend the time allowed by statute for the filing of a petition to this Court.

The more difficult question here is whether the time within which the petition was required to be filed was 90 or 150 days. Respondent contends that since there is no showing that Yetta Cowan was outside of the United States on May 7, 1969, the petition should be dismissed as to her in any event. Petitioner, Jules Cowan, who was the only petitioner appearing at the trial, makes no contention to the contrary but in effect agrees that the petition should be dismissed as to Yetta Cowan. Petitioner Jules Cowan, however, contends that under our holding in *Estate of William Krueger*, 33 T.C. 667 (1960), and the holding of the United States Court of Appeals for the Second Circuit in *Mindell* v. *Commissioner*, 200 F. 2d 38 (C.A. 2, 1952), reversing an order of this Court, his petition was timely. In *Estate of William Krueger*, we stated our agreement with the holding in *Mindell* v. *Commissioner*, that there is nothing

---

[3] Petitioner's actual testimony with respect to the telephone conversation with the unidentified person who answered the telephone when he called the Internal Revenue Service was that the person stated to him, after he told her that he had been in Mexico on May 7, 1969, that "if you are out of the Republic of—out of the United States and in the Republic of Mexico, you have one extra day to answer." We did not in making our findings include a finding that this statement was made to petitioner since we did not believe petitioner's recollection in regard to the words used to be correct. We found, as petitioner stated at another point, that the voice stated to petitioner that he had until August 6. However, if petitioner's recollection of the exact words of the employee was correct, our opinion would not be changed. The letter clearly informed petitioner of the time allowed for filing a petition and even if it had not, petitioner could have ascertained the time from the statute.

in the language of the statute (sec. 6213(a)), or in its legislative history, to suggest that Congress intended to differentiate between persons temporarily absent from the United States and persons "regularly residing" abroad in granting the 150-day period in which to file a petition to this Court where the notice is addressed to a person outside of the United States. Petitioner states that since he was outside of the United States for 10 or 11 hours on May 7, 1969, he was temporarily outside the United States when the notice of deficiency was mailed to him and under our holding in the *Krueger* case was entitled to the 150-day period within which to file his petition.

The underlying reason for granting the 150-day period for persons outside of the United States to file a petition with this Court was stated by the Court of Appeals in *Mindell* v. *Commissioner*, *supra* at 39, as follows:

Whatever the reason for the taxpayer's absence from the country receipt of the deficiency notice was likely to be delayed if he was not physically present at the address to which the notice was sent; hence, he was given additional time to apply for review of the deficiency. We think the fact of "residence" abroad irrelevant.

This reasoning would have no application to a person who merely went across the border into Mexico for part of 1 day. We therefore conclude that the deficiency notice in this case was not addressed "to a person outside of the States of the Union and the District of Columbia" within the meaning of section 6213(a).

Petitioner Jules Cowan contends that grave inequity would be done to him if his petition is dismissed and he is forced to pay the substantial tax and additions to tax under sections 6651(a) and 6653(a) which total approximately $13,500, as determined in the notice of deficiency together with interest thereon, prior to being able to litigate the merits of the determination. Whatever hardship may result to petitioner Jules Cowan from having to pay the determined amount cannot operate to enlarge the jurisdiction of this Court.

Reviewed by the Court.

> *An order will be entered dismissing the petition for lack of jurisdiction as to both petitioners.*