LEON M. LEVY AND CATHERINE J. LEVY, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 13824–79.     Filed February 12, 1981.

---

*Steven D. Lustig*, for the petitioners.
*Bryan R. Sullivan*, for the respondent.

OPINION

WILBUR, *Judge*: This matter comes before the Court on respondent's motion to dismiss for lack of jurisdiction. Petitioners objected to the motion, and the parties submitted a stipulation of facts, which is incorporated herein by this reference, and written briefs stating their positions.

We are called upon by respondent's motion and petitioners' objection to decide whether the petitioners herein were entitled to 150 days rather than 90 days within which to file their petition with this Court under section 6213(a).[1]

The events crucial to a resolution of these issues began on April 13, 1979, when petitioners and respondent executed a consent extending the 3-year period for assessing petitioners' 1975 Federal income tax liabilities until June 15, 1979. Shortly before June 15, 1979, respondent delivered to petitioners a consent which further extended from June 15, 1979, the period for assessment. Petitioners executed the consent. The consent was received by respondent on or about June 15, 1979.

On June 14, 1979, a notice of deficiency for the taxable year 1975 was sent by certified mail to petitioners at their last known address in Chicago, Ill., which is also their residence. A duplicate original was also sent by certified mail on the same date to petitioners at another address.

On the same date that the notice of deficiency was mailed, June 14, 1979, petitioners departed Chicago at 9:15 a.m. for a vacation in Jamaica. Petitioners flew directly to Jamaica, where

[1]All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Petitioners also argued that a consent they executed on or about June 15, 1979, invalidated the statutory notice of deficiency mailed on or about the same date. In view of our decision, we need not reach this issue.

they arrived during the afternoon of June 14. They returned to Chicago on June 19, 1979. Although the statutory notice of deficiency was delivered to petitioners' residence on or about June 15, 1979, the petitioners did not receive actual notice of it until their return to Chicago on June 19.

The petition in this case was mailed on September 21, 1979, the 99th day after the date the statutory notice of deficiency was mailed. Respondent subsequently moved to dismiss this case for lack of jurisdiction upon the ground that the petition was not filed within the 90-day time limit prescribed by section 6213(a). Petitioners contend that they were outside of the United States on the date the statutory notice was mailed, and therefore had 150 days, rather than 90 days, in which to file their petition.

Section 6213(a) requires that a petition for a redetermination of the deficiency must be filed with this Court within a certain period of time following the mailing of the statutory notice of deficiency. The filing of a petition within the prescribed period of time is a jurisdictional requirement. *Vibro Mfg. Co. v. Commissioner*, 312 F.2d 253 (2d Cir. 1963); *Estate of Moffat v. Commissioner*, 46 T.C. 499 (1966). An untimely petition must be dismissed. *Denman v. Commissioner*, 35 T.C. 1140 (1961).

Section 6213(a) states in pertinent part that:

Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * *

The general rule stated is that normally a petition must be filed within 90 days following the mailing of the notice of deficiency, or this Court does not acquire jurisdiction. *Vibro Mfg. Co. v. Commissioner, supra.* In the present case, no petition was filed within that 90-day period. Therefore, in order for petitioners to prevail, they must show that they come within the ambit of the proviso allowing 150 days for the mailing of the petition where the notice is addressed to a person outside of the United States.

Although a literal reading of the statute suggests that the 150-day rule applies to notices which are addressed to locations outside of the United States, we have interpreted this phrase to mean that the taxpayer to whom the notice is addressed must have been located abroad. *Hamilton v. Commissioner*, 13 T.C. 747 (1949). In the instant case, the petitioners, having traveled to

Jamaica on June 14, 1979, were physically present in the United States and outside of the United States on the date the notice of deficiency was mailed. In any event, the petitioners were abroad when the statutory notice was delivered at their home, and this seems to be what the statute contemplates. An inquiry into petitioners' geographic location at the precise moment the deficiency notice was mailed is too narrow of a consideration to effectuate the purposes of the statute. *Lewy v. Commissioner*, 68 T.C. 779, 782 (1977).

The 150-day period has been held to apply not only to persons who are outside the United States "on some settled business and residential basis," but also to persons who are temporarily absent from the country. *Mindell v. Commissioner*, 200 F.2d 38 (2d Cir. 1952); *Estate of Krueger v. Commissioner*, 33 T.C. 667 (1960). In addition, the absence from the country must result in delayed receipt of the deficiency notice. *Lewy v. Commissioner*, *supra* at 783.

In the instant case, petitioners were temporarily absent from the United States and were delayed at least 4 days in receiving the notice of deficiency. *Estate of Krueger v. Commissioner*, *supra*. Thus, the full 90-day period for reviewing their position and determining their options was not available to the petitioners, and it was this precise hardship which occasioned the drafters to allow 150 days for a response where the taxpayer is abroad. We have often said that we "should not adopt an interpretation which curtails [the right to a prepayment hearing] in the absence of a clear congressional intent to do so." *King v. Commissioner*, 51 T.C. 851, 855 (1969). See *Fishman v. Commissioner*, 51 T.C. 869, 874 (1969), affd. per curiam 420 F.2d 491 (2d Cir. 1970); *Leventis v. Commissioner*, 49 T.C. 353, 355 (1968); *Sylvan v. Commissioner*, 65 T.C. 548 (1975); *Traxler v. Commissioner*, 61 T.C. 97, 100 (1973), modified 63 T.C. 534 (1975).

We recognize, as respondent points out, that in *Cowan v. Commissioner*, 54 T.C. 647 (1970), this Court held that a taxpayer's absence from the United States for part of 1 day was insufficient to invoke the 150-day period. However, in *Cowan*, the petitioners simply drove across the border from San Diego to Tijuana, Mexico, for the day, being absent only about 10½ hours. It is hard to see how this trip would have delayed receipt of the statutory notice. In the instant case, there has been a delay in receipt, and the petitioners were absent from the country for

more than part of a day. We again interpret the statute with a view towards the strong policy above noted of preserving a prepayment hearing wherever possible. Respondent's motion is denied.

*An appropriate order will be entered.*