CHARLES COSSIO and GLORIA T. COSSIO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cossio v. Commissioner
Docket No. 21657-80.
United States Tax Court
T.C. Memo 1981-396; 1981 Tax Ct. Memo LEXIS 348; 42 T.C.M. (CCH) 549; T.C.M. (RIA) 81396; July 30, 1981. Charles Cossio, pro se. H. Steven New, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case came on for hearing in San Diego, California, on respondent's motion to dismiss for lack of jurisdiction because the petition was not filed within 90 days on the date of the mailing of the notice of deficiency. The record shows that a notice of deficiency was mailed by certified mail to petitioners at their address in National City, California, on August 18, 1980. At the time the notice of deficiency was mailed, petitioners were physically present in the United *349 States. On August 26, 1980, Charles Cossio (petitioner) left his home in National City, California, and drove to a location several hundred miles south of the border between the United States and Mexico where his brother lived. His brother had become ill and wanted to come for treatment to the Veterans Administration Hospital in San Diego but was unable to make the trip unassisted. At the request of his mother, petitioner drove down to Mexico and brought his brother to the hospital. Petitioner returned from Mexico to the United States on August 30, 1980, and shortly thereafter returned to his home in National City. On August 27, 1980, while petitioner was outside the United States, the statutory notice of deficiency mailed on August 18, 1980, was delivered to his residence in National City. The envelope containing the notice of deficiency was not left at his residence but a first notice of certified mail was left by the postal service at petitioner's residence on August 27, 1980. Petitioner did not receive the actual notice of the attempted delivery until he returned to National City and, for this reason, it was not until September 7, 1980, that petitioner received the notice *350 of deficiency. On November 26, 1980, petitioner mailed to this Court a petition which was received by this Court on December 1, 1980. Ninety days from the date of the mailing of the notice of deficiency was Sunday, November 16, 1980. Therefore, if the 90-day period is applicable, it expired on Monday, November 17, 1980. It is petitioner's position that, because he was outside the United States on the date of the attempted delivery of the notice of deficiency, he is not required to file a petition within 90 days from the date of the mailing of the notice of deficiency but has 150 days within which to file his petition. Section 6213(a), I.R.C., [1] provides, insofar as here pertinent, as follows: Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court *351 for a redetermination of the deficiency. * * * At one time this Court took the position that "addressed to a person outside the United States" referred to a person who was a resident outside the United States for an extended period and not to someone who merely happened to be outside the United States on a temporary basis at the time the notice of deficiency was mailed. Hamilton v. Commissioner, 13 T.C. 747 (1949). However, we abandoned this position and in Krueger v. Commissioner, 33 T.C. 667 (1960), adopted the position that if a person to whom a deficiency notice is addressed was outside the United States even temporarily on the date of the mailing of the notice of deficiency, the 150-day period applies and to this extent modified our holding in Hamilton v. Commissioner, supra. Since the decision in Krueger v. Commissioner, supra, we have had many cases in which we have considered the question of whether the notice of deficiency was addressed to a person outside the United States within the meaning of section 6213(a). In Cowan v. Commissioner, 54 T.C. 647 (1970), we held that the fact *352 that an individual was in Mexico for a part of the day on which the notice was mailed did not cause the notice to be addressed to a person outside the United States within the meaning of the statute. In Lewy v. Commissioner, 68 T.C. 779 (1977), we held that a notice of deficiency mailed to a person who was a resident of a foreign country but by happenstance was actually in the United States for a part of the day on which the notice was mailed was "addressed to a person outside the United States" within the meaning of the statute. The issue of whether a notice was addressed to a person outside the United States has been considered in two very recent cases. The first, Levy v. Commissioner, 76 T.C. 228 (1981), involved taxpayers who departed from the United States for a vacation in Jamaica on the very date that the notice of deficiency was mailed to them. They departed Chicago in the morning and arrived in Jamaica in the afternoon. After an extended discussion of the provisions of the statute, we concluded that the notice of deficiency in the Levy case was "addressed to a person outside the United States." The most recent case discussing *353 this issue, Malekzadv. Commissioner, 76 T.C.     (June 9, 1981), involved taxpayers who were in the United States on the date the notice of deficiency was mailed but left for Mexico on the date the notice was received at their home. We held that the 150-day period for filing a petition did not apply to the taxpayers in the Malekzad case. In that case we distinguished both the Lewy and the Levy cases. The taxpayers in the Malekzad case returned to the United States the day after the attempted delivery to them of the notice of deficiency. Petitioner, in the instant case, did not return to the United States until the third day following the attempted delivery. Otherwise the facts in the Malekzad case and the instant case are substantially the same. In our view, the fact that petitioner was out of the country a few days longer than were the taxpayers in the Malekzad case is not a substantial distinction in the two cases. We therefore hold on the basis of Malekzadv. Commissioner, supra, that the notice of deficiency in the instant case was not "addressed to a person outside the United States" within the meaning of section 6213(a). For *354 this reason, this Court has jurisdiction only if petitioner's petition is filed within 90 days after the mailing of the notice of deficiency. Clearly, it was not and, therefore, respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩