TIMOTHY J. LOGAN AND LAURA BRYAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Logan
Docket No. 23323-91
United States Tax Court
T.C. Memo 1993-22; 1993 Tax Ct. Memo LEXIS 22; 65 T.C.M. (CCH) 1771; January 19, 1993, Filed *22 Timothy J. Logan and Laura Bryan, pro se. For Respondent: James P. Thurston. TANNENWALD
TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: This case is before us on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed. All of the relevant facts have been stipulated and are so found. On July 3, 1991 (a Wednesday), respondent mailed a statutory notice to petitioners by certified mail from San Francisco, California. On that date, petitioners were outside the United States in Canada. Petitioners returned to their home in La Honda, California, on July 6, 1991. The statutory notice arrived at the U.S. Post Office in Redwood, California, on July 9, 1991 (a Tuesday). Petitioners received the statutory notice on July 11, 1991 (a Thursday). The petition herein was mailed to the Court by certified mail in an envelope bearing a U.S. postmark of October 7, 1991. Section 6213(a) of the Internal Revenue Code requires that a petition be filed within 90 days of the mailing of a statutory notice to a taxpayer's last known address, or within 150 days if the notice is addressed to the taxpayer outside the United States. The filing of *23 a timely petition is an essential prerequisite to conferring jurisdiction on this Court. Cross v. Commissioner, 98 T.C. 613, 615 (1992). There is no issue herein as to whether the deficiency notice was mailed to petitioners' last known address. Rather, the issue before us turns on whether petitioners satisfy the 90-day rule or, if not, whether they are entitled to the benefit of the 150-day rule. We resolve both issues in favor of respondent. Initially, petitioners argue that proof is lacking that the notice of deficiency was mailed on July 3, asserting that they understood from representations by respondent that the Form 3877 (Application for Registration or Certification, United States Postal Service) was kept by the United States Postal Service when it was in fact kept by respondent and that, therefore, it should be disregarded. On this basis, petitioners contend that the 90 days should be computed from July 11, the date they received the notice, with the result that the petition was timely filed. There are several difficulties with petitioners' argument. First, they have stipulated that the notice of deficiency was mailed on July 3; their *24 attempt to avoid that stipulation on the basis of having been misled in respect of the Form 3877 is without merit. Second, the Form 3877 is presumptive proof of mailing and is conclusive in the absence of any contrary evidence. Keado v. United States, 853 F.2d 1209, 1213 (5th Cir. 1988). No such evidence has been produced; petitioners simply speculate about the possible impact of the Fourth of July holiday. Third, since the notice of deficiency was received at the Redwood City post office on July 9, it must have been mailed from San Francisco not later than July 8. The petition was mailed to the Court on October 7, which is the 91st day after the latter date. Thus, under the most favorable view of the facts, petitioners did not satisfy the 90-day rule. Petitioners contend, in the alternative, that they satisfy the 150-day rule since they were outside the United States on July 3, the day the deficiency notice was mailed. In support of their position, they rely on Levy v. Commissioner, 76 T.C. 228 (1981), and Lewy v. Commissioner, 68 T.C. 779 (1977). We recognize that the test, under *25 section 6213(a), is not merely how the deficiency notice was addressed but also whether the taxpayer was physically outside the United States. Looper v. Commissioner, 73 T.C. 690, 693-696 (1980). However, the fact that petitioners were outside the United States on July 3 is not, in and of itself, sufficient. Cowan v. Commissioner, 54 T.C. 647 (1970); Cossio v. Commissioner, T.C. Memo. 1981-396. The fact of the matter is that petitioners returned to their home in California only 3 days later, well before the deficiency notice was delivered. Thus, no delay occurred which could be said to have been prejudicial to petitioners. In Lewy v. Commissioner, supra, the taxpayer resided abroad and there was a 2-month delay in his receipt of the deficiency notice; under such circumstances, the Court concluded that he should not be subjected to the 90-day rule simply because he was present in the United States for the one day on which the deficiency was mailed to him. In Levy v. Commissioner, supra, the taxpayers were outside the *26 United Statesboth on the day the deficiency notice was mailed (they had left the United States at 9:15 a.m. on that day) and on the day it was delivered. As a consequence, we found that there was a delayed receipt of the deficiency notice and held that the 150-day rule applied. In Levy, we stated that "absence from the country must result in delayed receipt of the deficiency notice", 76 T.C. at 231. Such a condition is simply not present in this case. We think that Levy is, therefore, clearly distinguishable and that the factual circumstances herein fall within the ambit of Malekzad v. Commissioner, 76 T.C. 963 (1981), in which we emphasized the factual context of Levy as the basis of its precedential value, see 76 T.C. at 971, and held that the 150-day rule did not apply where there was a 1-day delay in respect of the deficiency notice due to the fact that the taxpayers were outside the United States on the day of delivery. See also Cossio v. Commissioner, supra.
Petitioners make a final appeal based on their assertion that respondent's *27 treatment of the substantive matters involved herein is discriminatory in light of respondent's treatment of other taxpayers similarly situated and therefore respondent's deficiency notice is invalid. Such assertion is simply not relevant to a determination of our jurisdiction. We hold that the petition herein was not timely filed. Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted. An appropriate order will be entered.