T.C. Memo. 1998-235


UNITED STATES TAX COURT


GREGORY KEITH WADE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17766-97.                    Filed July 2, 1998.


Gregory Keith Wade, pro se.

<u>Paul B. Burns</u>, for respondent.


MEMORANDUM OPINION

WOLFE, <u>Special Trial Judge</u>:  This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. Respondent contends that this Court lacks jurisdiction because the petition was not filed within the applicable 90-day period after mailing of the deficiency notice as required by sections

6213(a) and 7502.[1]   Petitioner objects to respondent's Motion to Dismiss for Lack of Jurisdiction and contends that he should be allowed 150 days from the date of mailing of the deficiency notice to file his petition with this Court because he was outside of the United States on the day the notice of deficiency was issued.

On March 19, 1997, respondent sent a notice of deficiency for the taxable year 1994 to petitioner at his last known address.  On August 16, 1997, 150 days after the notice of deficiency was sent, petitioner filed with this Court his petition contesting the addition to tax under section 6651(a) and the accuracy-related penalty under section 6662(a).  Petitioner resided in San Clemente, California, when his petition was filed. During the hearing, the parties agreed to an oral stipulation of facts, which was read into the record and incorporated by this reference.  Subsequent to the hearing, the parties submitted an additional stipulation of facts and attached exhibits that are also incorporated by this reference.

This Court's jurisdiction is strictly limited by statute, and unless a petition is filed within the time prescribed by statute, we lack jurisdiction and must dismiss the case.  Estate of Moffat v. Commissioner, 46 T.C. 499, 501 (1966).  For the

---

[1]   All section references are to the Internal Revenue Code in effect for the tax year in issue, unless otherwise indicated.

reasons discussed below, we deny respondent's Motion to Dismiss for Lack of Jurisdiction.

Generally, a petition must be filed within 90 days after the notice of deficiency is mailed to a taxpayer within the United States. Secs. 6213(a), 7502; Monge v. Commissioner, 93 T.C. 22, 27 (1989). If the notice of deficiency is addressed to a person outside the United States, the taxpayer has 150 days to file a petition. Sec. 6213(a). The statute states in pertinent part:

> SEC. 6213(a). Time for Filing Petition and Restriction on Assessment.--Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * *

The 90-day period for filing with this Court expired on Tuesday, June 17, 1997, which was not a legal holiday in the District of Columbia. The envelope in which the petition was mailed bore a legible United States postmark of August 16, 1997, exactly 150 days after the mailing of the notice of deficiency. Sec. 7502(a)(1). This Court received and filed petitioner's petition on August 26, 1997. Respondent concedes that, if the longer period is applicable, petitioner has satisfied the 150-day requirement for filing a notice of deficiency pursuant to sections 6213(a) and 7502(a). Our jurisdiction, therefore, depends on whether petitioner was entitled to file his petition within 150 days after the notice of deficiency was mailed.

This Court has determined that the 150-day period applies not only to persons who are outside of the United States "on some settled business and residential basis," but also to persons who are temporarily absent from the country. Levy v. Commissioner, 76 T.C. 228, 231 (1981). In addition, the taxpayer's absence from the country must result in delayed receipt of the deficiency notice. Lewy v. Commissioner, 68 T.C. 779, 783 (1977).

In Levy v. Commissioner, supra, the taxpayers left their home in Chicago for a vacation in Jamaica on the same day that the notice of deficiency was mailed to them. The taxpayers returned to their home 5 days later, at which time they received the notice of deficiency. In holding that the 150-day period applied, this Court found that, "the full 90-day period for reviewing their position and determining their options was not available to the * * * [taxpayers], and it was this precise hardship which occasioned the drafters to allow 150 days for a response where the taxpayer is abroad." Id. at 231.

The evidence in this case establishes that petitioner departed on Korean Airlines flight number 11, from Los Angeles, California, to Seoul, South Korea, on March 19, 1997, the day the notice of deficiency was issued. Prior to his departure from the United States, petitioner put his mail delivery on hold at his local post office. Petitioner arrived in the Philippines, his destination on this journey, on March 21, 1997. On April 3, 1997, petitioner left the Philippines and returned directly to

the United States.  Subsequently, petitioner picked up the notice of deficiency at his local post office on April 7, 1997.

Petitioner was temporarily absent from the United States and was delayed approximately 19 days[2] in receiving the notice of deficiency.  See Estate of Krueger v. Commissioner, 33 T.C. 667 (1960).  Petitioner did not have the full 90-day period for considering the matter after the mailing of the deficiency notice and, as noted above, in accordance with the purpose of the statute as well as the terms of section 6213(a), the 150-day period is applicable here.  See Levy v. Commissioner, supra at 231.  Respondent's argument that petitioner had sufficient time to file the notice of deficiency within the 90-day period after his return to the United States and, therefore, is not eligible for the extended 150-day period, is unpersuasive under the circumstances here.  Petitioner's absence from the United States was not an "ephemeral one, a weekend trip" and consequently the "practical" test set forth Malekzad v. Commissioner, 76 T.C. 963, 970-972 (1981), is inapplicable here.

Accordingly, petitioner is entitled to avail himself of the 150-day filing period.  Respondent's motion is denied.

An appropriate order will

be issued.

---

[2]  Petitioner returned to the United States 15 days after the notice of deficiency was mailed but, acting reasonably under the circumstances of his lengthy travel, did not pick up his mail at the post office until 19 days after the mailing of the notice.