T.C. Memo. 1999-13


UNITED STATES TAX COURT


DAVID J. AND PATRICIA A. FOGDERUD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5197-98.                          Filed January 25, 1999.


<u>Michael F. O'Donnell</u>, for respondent.


MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  This case comes before the
Court on respondent's motion to dismiss for lack of jurisdiction
on the ground that the petition was not filed within the time
prescribed by sections 6213(a) or 7502.  This case was heard
pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.  All
section references are to the Internal Revenue Code for the years
in issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

At the time the petition was filed, petitioners resided in Beloit, Wisconsin.

With respect to petitioner David J. Fogderud (Mr. Fogderud), respondent determined deficiencies and additions to tax as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a) | Sec. 6654(a) |
| 1994 | $1,624 | $406 | $84.28 |
| 1995 | 1,796 | 449 | 97.34 |

With respect to petitioner Patricia A. Fogderud, respondent determined deficiencies and additions to tax as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a) | Sec. 6654(a) |
| 1994 | $1,624 | $406 | $84.28 |
| 1995 | 1,796 | 449 | 97.34 |

Petitioners filed an Objection to respondent's motion to dismiss, a Supplemental Objection, a Second Supplemental Objection, and respondent filed a Response to Petitioners' Objection, as Supplemented, to respondent's motion. A hearing was held on respondent's motion. During the Court's conference call with the parties, Mr. Fogderud decided not to appear at the hearing. The parties filed a stipulation of facts.

The stipulated facts are as follows. The separate notices of deficiency for the taxable years 1994 and 1995 upon which this case is based were mailed from Milwaukee, Wisconsin, 53203, to each petitioner at the same last known address in Beloit, Wisconsin, 53512, by certified mail on December 2, 1997. A certified piece of first class mail, mailed from Milwaukee,

3

Wisconsin, 53203, to Beloit, Wisconsin, 53512, typically takes 2 days for delivery.

Petitioners were in the United States on December 2, 1997, the date the notices of deficiency were mailed to petitioners. Petitioners also were in the United States on December 5, 1997, the date on which the notices of deficiency would typically have been delivered to them through certified mail. Petitioners were in the United States on March 2, 1998, the 90th day after mailing of the notices of deficiency.

Petitioners were out of the country for the period from February 4, 1998 to February 25, 1998.

The 90-day period for timely filing a petition with this Court expired on Monday, March 2, 1998, which date was not a legal holiday in the District of Columbia. The petition was filed with the Tax Court on March 17, 1998. This date was 105 days after the mailing of the notices of deficiency.

The record shows that the envelope containing petitioners' petition was mailed via the U.S. Postal Service on March 14, 1998. This date was 102 days after the mailing of the notices of deficiency.

A petition for redetermination of a deficiency must generally be filed with this Court within 90 days after the notice of deficiency is mailed to the taxpayer. Sec. 6213(a). If the notice "is addressed to a person outside the United States" the taxpayer would have 150 days to file. Id. If a taxpayer fails to file within the statutory period, the petition

must be dismissed for lack of jurisdiction.  Monge v. Commissioner, 93 T.C. 22, 27 (1989).

If a petition is received after the 90-day period, the petition is deemed filed when mailed if the requirements of section 7502 are satisfied.  Stotter v. Commissioner, 69 T.C. 896 (1978).  Under section 7502(a), if the envelope containing the petition bears a postmark made by the U.S. Postal Service, if the date of such postmark falls within the 90-day period, and if the other requirements of section 7502 are satisfied, then notwithstanding the untimely receipt, the petition will be deemed timely filed.  Stotter v. Commissioner, supra.

Here, it is clear that the postmark on the envelope containing the petition was made 102 days after the mailing of the notices of deficiency and that the petition was filed 105 days after the mailing of the notices of deficiency.  Thus, unless petitioners are entitled to the 150-day period under section 6213(a), this case must be dismissed for lack of jurisdiction.

In their Objection to the motion, petitioners admit that the "90-day period for timely filing was not met."  Petitioners assert they were in Mexico when the filing of the petition was apparently due.  This assertion is not supported by any of their exhibits and is contrary to the stipulated facts.  In their Supplemental Objection, petitioners allege that "More documents can be provided if necessary to prove that Petitioners were truly out of the United States during the period commencing December

1997 through March 1998."  No such documents were submitted and petitioners' statement again is contrary to the stipulated facts.

In their Second Supplemental Objection, petitioners refer to a doctor's statement as proof that they "WERE out of the United States during the period in question."  The doctor's statement shows that both petitioners were in Mexico from February 4, 1998 until February 25, 1998.  That both petitioners were in Mexico during the February period is consistent with the stipulated facts.

Petitioners stipulated that they were in the United States on December 2, 1997, the date the notices of deficiency were mailed, and on December 5, 1997, the date the notices of deficiency ordinarily would have been delivered.  Petitioners never argued that they did not receive the notices of deficiency on or about that date.  We are persuaded that petitioners received the notices of deficiency on or about December 5, 1997.

Petitioners were in the United States from at least December 2, 1997 to February 3, 1998.  Petitioners were out of the country from February 4, 1998 to February 25, 1998.

This Court has determined that the 150-day period applies not only to persons who are outside of the United States "on some settled business and residential basis," but also to persons who are temporarily absent from the country.  Levy v. Commissioner, 76 T.C. 228, 231 (1981); Estate of Krueger v. Commissioner, 33 T.C. 667, 668 (1960).  However, the taxpayer's absence must

result in delayed receipt of the deficiency notice. <u>Lewy v. Commissioner</u>, 68 T.C. 779 (1977).

The facts in the instant case clearly reveal that petitioners were not entitled to the 150-day period for filing their petition. Petitioners were in the United States on the date that the notices of deficiency were mailed and on the date we have found the notices of deficiency were received. In point of fact, petitioners did not arrive in Mexico until February 4, 1998, 64 days after the notices of deficiency were mailed. Thus, petitioners' absence from the country did not result in a delay in the receipt of the notices of deficiency. <u>Lewy v. Commissioner</u>, <u>supra</u>; <u>Lawton v. Commissioner</u>, T.C. Memo. 1979-203.

Petitioners were not entitled to the 150-day filing period. Accordingly, respondent's motion to dismiss will be granted.

<u>An appropriate order of dismissal will be entered.</u>