# United States Tax Court

T.C. Memo. 2023-113

WILLIAM H. EVENHOUSE AND NELLE L. EVENHOUSE,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 23269-22.                    Filed September 7, 2023.

————

William H. Evenhouse and Nelle L. Evenhouse, pro sese.

*Sarah J. Case* and *Trent D. Usitalo*, for respondent.

## MEMORANDUM OPINION

LAUBER, *Judge*: This deficiency case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the Petition was not filed within the time prescribed by section 6213(a).[1] The issue presented is whether petitioners, under section 6213(a), had 90 days or 150 days to file their Petition with this Court.

### Background

The following facts are derived from the parties' pleadings and the Exhibits attached to respondent's Motion. Petitioners resided in Oakland, California, when the Petition was filed. Absent stipulation to the contrary, appeal of this case would lie to the U.S. Court of Appeals for the Ninth Circuit. *See* § 7482(b)(1)(A).

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*2]**  On May 23, 2022, the Internal Revenue Service (IRS or respondent) sent petitioners by certified mail a notice of deficiency for tax year 2019.  The record includes a U.S. Postal Service Form 3877, Firm Mailing Book For Accountable Mail, showing that this notice was mailed on that date to petitioners' last known address in Oakland.  The notice determined a deficiency in income tax of $54,993 and an accuracy-related penalty under section 6662(a) of $10,987.  The first page of the notice advised petitioners that they had 90 days from the date of the notice to file a petition with this Court for redetermination of the deficiency.  The notice stated that the last day on which petitioners could timely petition this Court was August 22, 2022.

On October 18, 2022, 148 days after the notice of deficiency was mailed, the Court received from petitioners, and filed as the Petition in this case, a letter signed and dated October 8, 2022.  In that letter petitioners stated that they were responding to the notice of deficiency and that "this petition cannot be considered late until October 22, 2022, 150 days after the [n]otice date," because they were "traveling outside of the United States" on May 23, 2022, the date the IRS mailed the notice of deficiency.

In support of their position that they were traveling internationally at the relevant time, petitioners provided respondent a copy of their travel documents, which respondent has attached as Exhibit C to his Motion.  Those documents show that petitioners departed from Istanbul, Turkey, the afternoon of May 23, 2022, and returned to San Francisco, California, at 4:35 p.m. that same day.  These travel documents show that petitioners' next trip outside the United States did not occur until March 24, 2023, ten months later.

On May 22, 2023, respondent filed a Motion to Dismiss for Lack of Jurisdiction.  By Order served May 25, 2023, we directed petitioners to file a Response to the Motion on or before June 26, 2023.  Petitioners did not respond to our Order by that date or subsequently.

### Discussion

This Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent expressly authorized by Congress.  *See* § 7442; *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126, 135 (2022); *Breman v. Commissioner*, 66 T.C. 61, 66 (1976).  Jurisdiction must be proven affirmatively, and a taxpayer invoking our jurisdiction bears the burden of proving that we have jurisdiction over the case.  *See*

**[*3]** *David Dung Le, M.D., Inc. v. Commissioner*, 114 T.C. 268, 270 (2000), *aff'd*, 22 F. App'x 837 (9th Cir. 2001); *Romann v. Commissioner*, 111 T.C. 273, 280 (1998); *Fehrs v. Commissioner*, 65 T.C. 346, 348 (1975).

This Court's jurisdiction in a deficiency case is predicated on a valid notice of deficiency and a timely filed petition. §§ 6213, 7442; Rule 13(a), (c); *Hallmark Rsch. Collective*, 159 T.C. at 127, 166–67; *Monge v. Commissioner*, 93 T.C. 22, 27 (1989). Section 6213(a) generally provides that the petition must be filed within 90 days after the notice of deficiency is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day). This 90-day period is extended to 150 days "if the notice is addressed to a person outside the United States." § 6213(a). The Court lacks authority to extend the 90-day (or 150-day) period, and we must dismiss a case for lack of jurisdiction if the petition is not filed within the statutorily prescribed time. *Hallmark Rsch. Collective*, 159 T.C. at 166–67; *Joannou v. Commissioner*, 33 T.C. 868, 869 (1960).[2]

The record establishes that the IRS issued and mailed the notice of deficiency to petitioners on May 23, 2022. *See Magazine v. Commissioner*, 89 T.C. 321, 327 n.8 (1987) (holding that U.S. Postal Service Form 3877 constitutes direct evidence of the date of mailing a notice of deficiency). Consequently, the last date for petitioners to file a timely petition with the Court was August 22, 2022, as correctly stated in the notice.[3]

The Court received petitioners' letter and filed it as their Petition on October 18, 2022, 148 days after the notice's mailing date. Under the "timely mailed, timely filed" rule, a petition delivered to the Court after the filing deadline will nevertheless be deemed timely if it bears a timely

---

[2] Absent stipulation to the contrary this case is appealable to the Ninth Circuit, and we thus follow its precedent. *See Golsen v. Commissioner*, 54 T.C. 742, 756–57 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971). The Ninth Circuit has long agreed with this Court's holdings that the statutory period prescribed by section 6213(a) is a jurisdictional requirement. *See Organic Cannabis Found., LLC v. Commissioner*, 962 F.3d 1082, 1093–94 (9th Cir. 2020); *Healy v. Commissioner*, 351 F.2d 602, 603 (9th Cir. 1965) ("The requirement of filing the petition with the Tax Court within 90 days after the certified or registered notice of deficiency is mailed to the correct address of the taxpayer is jurisdictional."). Therefore, we need not address a recent ruling by the U.S. Court of Appeals for the Third Circuit that the statutory filing deadline in deficiency cases is a non-jurisdictional "claims-processing" rule. *See Culp v. Commissioner*, No. 22-1789, 2023 WL 4612024 (3d Cir. July 19, 2023).

[3] The 90-day period expired on Sunday, August 21, 2022, but section 6213(a) provides that Sunday is not counted as the last day of the period.

[*4] postmark. *See* § 7502. The envelope in which the Petition was mailed to the Court does not bear a postmark. But assuming arguendo that petitioners mailed the envelope on October 8, 2022, the date on which they signed the letter we filed as their Petition, the mailing date would still be 138 days after the notice of deficiency was sent to them.

Petitioners do not dispute that their Petition was untimely under the 90-day period normally prescribed by section 6213(a). Instead, they allege that their absence from the United States during part of the day on May 23, 2022, the day the notice of deficiency was mailed, entitled them to the extended 150-day period. We disagree.

This Court has held that the 150-day period applies, not only to persons outside the United States "on some settled business and residential basis," but also to persons temporarily absent from the country. *See Levy v. Commissioner*, 76 T.C. 228, 231 (1981) (quoting *Mindell v. Commissioner*, 200 F.2d 38, 39 (2d Cir. 1952); *Estate of Krueger v. Commissioner*, 33 T.C. 667, 668 (1960)). But for the 150-day period to apply, the taxpayer's temporary absence from the country must somehow "result in delayed receipt of the deficiency notice." *See Levy*, 76 T.C. at 231 (citing *Lewy v. Commissioner*, 68 T.C. 779, 783 (1977)); *see also Cross v. Commissioner*, 98 T.C. 613, 616 (1992); *Malekzad v. Commissioner*, 76 T.C. 963, 970 (1981); *Degill Corp. v. Commissioner*, 62 T.C. 292, 297 (1974); *Cowan v. Commissioner*, 54 T.C. 647, 652 (1970).

In *Malekzad*, 76 T.C. at 969–70, we explained that, in determining whether the 150-day period applies, we consider both the date on which the IRS mailed the notice of deficiency and the date on which the taxpayer received it. The crucial inquiry is whether a taxpayer falls into the category of persons that Congress intended to benefit from a longer filing period. *See id.* at 970. Congress enacted the 150-day rule to prevent hardship caused by a taxpayer's absence from the United States and the consequent risk of delays in receiving mail. *See Looper v. Commissioner*, 73 T.C. 690, 694 (1980).

On the facts in the instant case, petitioners were not entitled to the 150-day period for filing their Petition. They returned from an international trip on May 23, 2022, landing in San Francisco at 4:35 p.m. that afternoon. That was the same day on which the notice of deficiency was mailed to them. They have supplied no evidence that they took another international trip until March 24, 2023, roughly ten months later.

**[\*5]** Petitioners were thus present in the United States on the date the notice of deficiency was mailed and on the date the notice was received. And they were present in the United States during the ensuing 10-month period. They are ineligible for the 150-day filing period because their absence from the country did not delay their receipt of the notice of deficiency or otherwise adversely affect their ability to file a timely Tax Court petition. *See Malekzad*, 76 T.C. at 971–72 (holding that the 150-day rule did not apply to taxpayers who were in the United States on the notice's mailing date, were outside the country for less than 48 hours, and did not experience delay in receiving the notice); *Lewy*, 68 T.C. at 783; *Cowan*, 54 T.C. at 652 (holding that the 150-day rule did not apply to a taxpayer who went on a day trip to Mexico on the notice's mailing date); *Logan v. Commissioner*, T.C. Memo. 1993-22 (holding that the 150-day rule did not apply to taxpayers who were outside the United States on the notice's mailing date but returned to the country before the notice was received).

Because the Petition was not filed within the applicable 90-day period, we lack jurisdiction under section 6213(a) and must grant respondent's Motion to Dismiss. Although petitioners may not prosecute this case in the Tax Court, we note that they may pursue with the IRS an administrative resolution of their 2019 tax liability. Another remedy potentially available to them is to pay the tax in dispute and file a claim for refund with the IRS. If that claim is denied (or not acted upon after six months), petitioners may file a suit for refund in the appropriate U.S. district court or the U.S. Court of Federal Claims. *See McCormick v. Commissioner*, 55 T.C. 138, 142 n.5 (1970).

To reflect the foregoing,

*An appropriate order of dismissal for lack of jurisdiction will be entered.*