140 T.C. No. 3

UNITED STATES TAX COURT

DEBORAH L. SMITH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12605-08.                          Filed February 28, 2013.


In 2007 P and her daughters moved from San Francisco to
Canada and became permanent residents of Canada. P continued to
own a home and maintained a post office box in San Francisco. In
December 2007 P returned to San Francisco to move her remaining
furniture to Canada.

On Dec. 27, 2007, while P was in San Francisco, R mailed a
deficiency notice to P's San Francisco post office box. P did not pick
up the notice and on Jan. 8, 2008, returned to Canada. On May 2,
2008, P received a copy of the notice, and on May 23, 2008, she filed a
petition with the Court. R filed a motion to dismiss for lack of
jurisdiction and contends that P's petition was not timely filed. P
objects and contends that, pursuant to I.R.C. sec. 6213(a), she is
entitled to 150, rather than 90, days to file a petition.

Held: Pursuant to I.R.C. sec. 6213(a), P's petition was timely
filed within the 150-day period.

William Edward Taggart, Jr., for petitioner.

Randall E. Heath and Thomas R. Mackinson, for respondent.

FOLEY, Judge: The issue for decision is whether petitioner, pursuant to section 6213(a), had 90 or 150 days to file her petition with this Court.[1]

FINDINGS OF FACT

Petitioner and her husband untimely filed a joint Federal income tax return relating to 2000. Subsequently, the Internal Revenue Service selected petitioner and her husband's 2000 return for examination. On November 4, 2004, petitioner and her husband signed a Form 872-I, Consent to Extend the Time to Assess Tax As Well As Tax Attributable to Items of a Partnership, relating to 2000. On October 31, 2006, petitioner and her husband signed Forms 872-I relating to 1997 and 2000. On each form they listed an address in Tiburon, California.

Prior to August 2007 petitioner resided in San Francisco, California. In August 2007 petitioner and her two daughters moved to Vancouver, British Columbia, Canada. In September 2007 petitioner rented a furnished apartment in

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Vancouver and her daughters enrolled in, and began attending, a school in Vancouver (Vancouver school). Soon thereafter petitioner and her daughters applied for, and were granted, permanent residency in Canada. Petitioner also applied for, and received, a Canadian driver's license. Petitioner continued to own her San Francisco home; maintained a post office box in San Francisco (P.O. box); and occasionally returned to the United States to visit family.

In December 2007 petitioner leased an unfurnished single-family residence in Vancouver for herself and her daughters. On or about December 24, 2007, she returned to San Francisco to supervise the transportation of her furniture to Vancouver and to arrange for the rental of her San Francisco home. On December 27, 2007, respondent issued petitioner and her husband, and mailed to their P.O. box, a deficiency notice relating to 2000 (notice).[2] In the notice respondent stated that petitioner and her husband had until March 26, 2008 (i.e., 90 days), to file a Tax Court petition. In addition, respondent determined that petitioner and her husband were liable for an $8,911,858 deficiency, a $2,044,590 section 6651(a)(1) addition to tax, and a $1,782,372 section 6662(a) accuracy-related penalty.

---

[2]The P.O. box was petitioner's mailing address as reflected on her 2006 Federal income tax return.

On December 28, 2007, petitioner's moving company began transporting her furniture to Vancouver. The notice was delivered to petitioner's P.O. box on December 31, 2007, but she did not pick it up. She returned to Vancouver on January 8, 2008; received a copy of the notice on May 2, 2008; and on May 23, 2008 (i.e., 148 days after the notice's mailing date), while residing in Vancouver, filed a petition with the Court.

On March 3, 2009, respondent sent petitioner's counsel a letter requesting additional documentation relating to petitioner's whereabouts on the notice's mailing date. On April 8, 2009, petitioner's counsel faxed respondent photocopies of petitioner's and her daughters' Canadian permanent resident cards, petitioner's Canadian driver's license, a canceled October 2007 rent check, and a letter from the Vancouver school verifying that petitioner's daughters began attending the school in September 2007. In a letter sent to petitioner on April 10, 2009, respondent emphasized the importance of petitioner's physical location during December 2007 and stated that the documentation petitioner provided was not conclusive.

On July 24, 2009, the Court filed respondent's motion to dismiss for lack of jurisdiction, in which respondent contends that the petition was not filed within the time prescribed by section 6213(a). The Court, on August 20, 2009, filed

petitioner's objection to respondent's motion.  On September 1, 2009, the Court

filed petitioner's supplemental opposition to respondent's motion.

OPINION

This Court's jurisdiction to redetermine a deficiency depends on the issuance

of a valid notice of deficiency and a timely filed petition.[3]  See secs. 6212(a),

6213(a), 6214(a); Rule 13(a), (c); Levitt v. Commissioner, 97 T.C. 437, 441 (1991);

Monge v. Commissioner, 93 T.C. 22, 27 (1989).  Section 6213(a) provides that a

petition for redetermination of a deficiency is timely if it is filed within 90 days (90-

day rule) or, if the notice is "addressed to a person outside the United States", 150

days (150-day rule) after the notice's mailing date.  Petitioner filed her petition 148

days after the notice's mailing date.  Respondent contends that the petition is

untimely and the 90-day rule is applicable because petitioner was in the United

States when the notice was mailed and delivered.  Petitioner contends that the notice

was "addressed to a person outside the United States" and the 150-day rule is

applicable because she was a resident of Canada (i.e., when the notice was mailed

and delivered), received the notice in Canada, and experienced delay.  We agree

and hold that petitioner is entitled to the 150-day period.

---

[3]Petitioner bears the burden of proving that this Court has jurisdiction.  See
Patz Trust v. Commissioner, 69 T.C. 497, 503 (1977); see also Rule 142(a); Welch
v. Helvering, 290 U.S. 111, 115 (1933).

The phrase "addressed to a person outside the United States" is ambiguous, and the Court has consistently construed it broadly. See Looper v. Commissioner, 73 T.C. 690, 694 (1980); Lewy v. Commissioner, 68 T.C. 779, 781-782 (1977). Where a statute is capable of various interpretations, we are inclined to adopt a construction which will permit the Court to retain jurisdiction without doing violence to the statutory language. See Lewy v. Commissioner, 68 T.C. at 781, 783-786 (holding that the 150-day rule is applicable to a foreign resident who is in the United States when the notice is mailed, but outside the United States when the notice is delivered); see also Levy v. Commissioner, 76 T.C. 228, 231-232 (1981) (holding that the 150-day rule is applicable to a U.S. resident who is temporarily outside of the country when the notice is mailed and delivered); Looper v. Commissioner, 73 T.C. at 694-695 (holding that the 150-day rule is applicable where a notice is mailed to an address outside the United States); Hamilton v. Commissioner, 13 T.C. 747, 754 (1949) (holding that the 150-day rule is applicable to a foreign resident who is outside the United States when the notice is mailed and delivered). Our holding is consistent with our jurisprudence, is a practical construction of section 6213(a), and leaves the statutory language unscathed.

I.      Foreign Residents

The 150-day rule applies when the notice is "addressed to a person outside of the United States." See sec. 6213(a).  Where the Court has determined the applicability of the 150-day rule, the critical inquiry has generally been whether the taxpayer fell within the categories of taxpayers Congress intended to benefit: foreign residents or U.S. residents temporarily absent from the country.  See Malekzad v. Commissioner, 76 T.C. 963, 970 (1981); Levy v. Commissioner, 76 T.C. at 231; Lewy v. Commissioner, 68 T.C. at 782.

In Hamilton, the Court held that a U.S. citizen who resided in a foreign country was a person "outside" of the United States.  Hamilton v. Commissioner, 13 T.C. at 748, 754 (construing the predecessor to the current section 6213).  The Court in Hamilton also held that the 150-day rule was not applicable to a U.S. resident who was temporarily absent from the country.[4]  Id.  The Court concluded that Congress, in enacting the 150-day rule, "was legislating with respect to taxpayers regularly residing and carrying on their business and professional

---

[4]In Mindell v. Commissioner, 200 F.2d 38, 39 (2d Cir. 1952), the Court of Appeals for the Second Circuit rejected this holding and concluded that the 150-day rule was applicable to U.S. residents temporarily absent from the country. See also Estate of Krueger v. Commissioner, 33 T.C. 667, 668 (1960) (adopting the reasoning of the Court of Appeals for the Second Circuit in Mindell); see infra pt. II.

activities in places outside the States of the Union". <u>Id.</u> at 752. In subsequent cases the Court recognized that "[i]t is more likely that delay will occur in these taxpayers' receiving the notice of deficiency, and certainly more time is needed to file a petition because of the physical presence of these taxpayers outside the United States." <u>See</u> <u>Camous v. Commissioner</u>, 67 T.C. 721, 735 (1977); <u>see also</u> <u>Degill Corp. v. Commissioner</u>, 62 T.C. 292, 297 (1974).

In <u>Hamilton</u>, the Court mused that a foreign resident "who, through fortuitous circumstance, physically happened to be in one of the States of the Union on the particular day the deficiency notice was mailed" would be entitled to the 150-day period and that any other interpretation of the 150-day rule would not be reasonable. <u>See</u> <u>Hamilton v. Commissioner</u>, 13 T.C. at 753-754. The Court in <u>Lewy v. Commissioner</u>, 68 T.C. at 784-786, confronted this situation. In <u>Lewy</u>, a foreign resident, in the United States on the notice's mailing date, left the country the following day and experienced delay in receiving the notice. <u>Id.</u> at 779-780. The Commissioner contended that the taxpayer's physical presence in the United States precluded the applicability of the 150-day rule. <u>Id.</u> at 782. The Court rejected this contention as "excessively mechanical, unrelated to the section's basic purpose, and unsupported by case law." <u>Id.</u> at 782, 784 (stating that the Court has "firmly and unequivocally rejected barren haggling over dialectical distinctions in

the jurisdictional area"). The Court held that the taxpayer, a foreign resident, was "precisely the type of taxpayer the 150-day rule * * * [was] designed to assist".[5] See id. at 782-784.

In sum, a foreign resident's status as a person "outside of the United States" is not vitiated by the resident's brief presence in the United States on the notice's mailing date. See id. at 782-783 (stating that "ephemeral presence at the moment the deficiency notice is mailed is not controlling"). Similarly, a foreign resident may be "a person outside the United States" even if the foreign resident is in the United States on the notice's delivery date (i.e., if the taxpayer ultimately receives notice several months later while in the foreign country).

---

[5]The Court reviewed Mindell v. Commissioner, 200 F.2d 38, Estate of Krueger v. Commissioner, 33 T.C. 667, Cowan v. Commissioner, 54 T.C. 647 (1970), Degill Corp. v. Commissioner, 62 T.C. 292 (1974), and Camous v. Commissioner, 67 T.C. 721 (1977), and observed:

> the crucial criterion to be gleaned from the decided cases is whether the 'person' is physically located outside the United States so that the notice of deficiency mailed to its United States address will be delayed in reaching it in a foreign country * * * and thereby hamper its ability to adequately respond by filing a petition to litigate its case in this Court. [Lewy v. Commissioner, 68 T.C. 779, 783 (1977) (citing Degill Corp. v. Commissioner, 62 T.C. at 299).]

II.     <u>U.S. Residents Temporarily Absent From the Country</u>

The 150-day rule is also intended to provide relief to U.S. residents temporarily absent from the country.  <u>See</u> <u>Levy v. Commissioner</u>, 76 T.C. at 231; <u>Lewy v. Commissioner</u>, 68 T.C. at 783-784; <u>Estate of Krueger v. Commissioner</u>, 33 T.C. 667, 668 (1960).  In <u>Mindell v. Commissioner</u>, 200 F.2d 38, 39 (2d Cir. 1952), a U.S. resident was temporarily absent from the country when the notice was mailed and delivered.  The Court of Appeals for the Second Circuit rejected the Tax Court's holding in <u>Hamilton</u> that the 150-day rule was not applicable to U.S. residents who were temporarily absent from the country.  <u>See</u> <u>Mindell v. Commissioner</u>, 200 F.2d at 39.  In holding that the 150-day rule was applicable to such individuals, the Court of Appeals held that the critical inquiry was whether the taxpayer experienced delay in the receipt of the notice.  <u>See id.</u>  In <u>Estate of Krueger v. Commissioner</u>, 33 T.C. at 667-668, a U.S. resident was in Japan on the notice's mailing date.  We adopted the broader application of the 150-day rule as set forth in <u>Mindell</u> but did not reject the holding or reasoning in <u>Hamilton</u> relating to the application of the 150-day rule to foreign residents.  <u>Estate of Krueger v. Commissioner</u>, 33 T.C. at 668; <u>see also</u> <u>Lewy v. Commissioner</u>, 68 T.C. at 786 (stating that <u>Estate of Krueger</u> broadened the Court's holding in <u>Hamilton</u> and "expanded the class of persons entitled to file within 150 days").

In Levy v. Commissioner, 76 T.C. at 229-230, U.S. residents departed on the notice's mailing date for a five-day trip to Jamaica, the notice was delivered to their residence while they were in Jamaica, and their absence resulted in delayed receipt of the notice. The Court held that the 150-day rule was applicable. Id. at 231-232; cf. Malekzad v. Commissioner, 76 T.C. at 971-972 (holding that the 150-day rule was not applicable to U.S. residents who were in the country on the notice's mailing date, were outside the country for less than 48 hours, and did not experience delay in receiving the notice).

III.    Petitioner is Entitled to the 150-Day Period

Petitioner is within the category of taxpayers that Congress intended to benefit. See Lewy v. Commissioner, 68 T.C. at 782; Camous v. Commissioner, 67 T.C. at 735; Hamilton v. Commissioner, 13 T.C. at 753-754. She was a Canadian resident (i.e., when the notice was mailed and delivered); was not at the address to which the notice was delivered; and received the notice, in Canada, 127 days after the notice's mailing date. Although petitioner was in San Francisco when the notice was mailed and delivered, her status as a person "outside of the United States" is largely a function of her residency and is not vitiated by her brief presence in the United States. In short, the 150-day rule is applicable.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>An appropriate order will be</u>

<u>issued</u>.

Reviewed by the Court.

THORNTON, COLVIN, VASQUEZ, GALE, WHERRY, PARIS, and KERRIGAN, <u>JJ</u>., agree with this opinion of the Court.

GOEKE, <u>J</u>., concurs in the result only.

MARVEL, <u>J</u>., did not participate in the consideration of this opinion.

COLVIN, J., concurring:  I agree with the opinion of the Court and write in response to some of the points made in the dissenting opinions of Judge Halpern and Judge Gustafson.

I.      Introduction

In pertinent part, section 6213(a) provides:  "Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed * * * , the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency."  The conclusion of the first dissenting opinion, see Halpern op. pp. 38-39, that this language "has during the last 60 years taken on a fixed meaning, dependent on the taxpayer's physical location", is at odds with our holdings in numerous cases applying the 150-day period to foreign residents who were briefly in the United States when the notice of deficiency was sent.

Contrary to the interpretation of section 6213(a) in the dissenting opinions, we have consistently given the statute a "broad, practical construction" and said we "'should not adopt an interpretation which curtails * * * the right to a prepayment hearing * * * in the absence of a clear congressional intent to do so.'"  Lewy v. Commissioner, 68 T.C. 779, 781, 782 (1977) (quoting King v. Commissioner, 51 T.C. 851, 855 (1969)); see also Looper v. Commissioner, 73

T.C. 690, 694 (1980). A construction of the statute that limits a foreign resident's "outside the United States" status to the resident's location on the notice's delivery date would be just as "excessively mechanical, unrelated to the section's basic purpose, and unsupported by case law" as the construction we rejected in Lewy v. Commissioner, 68 T.C. at 782.

II.     Hamilton v. Commissioner

In Hamilton v. Commissioner, 13 T.C. 747, 748, 753-754 (1949), we said that the 150-day period applies to a taxpayer who regularly resides outside the United States but who through fortuitous circumstance happened to be physically in one of the States of the Union on the particular day the deficiency notice was mailed to him. Contrary to the view expressed in the first dissenting opinion, our "reading" of Hamilton relating to consideration of a taxpayer's foreign residence has not "evolved." See Halpern op. p. 26. Hamilton was cited with approval in Levy v. Commissioner, 76 T.C. 228, 230 (1981), Lewy v. Commissioner, 68 T.C. at 785-786, and Degill Corp. v. Commissioner, 62 T.C. 292, 297 (1974). Most of the cases since Hamilton have simply dealt with different factual situations (i.e., where U.S. residents were temporarily absent from the United States or where a notice was addressed to a foreign address). See Malekzad v. Commissioner, 76 T.C. 963 (1981); Levy v. Commissioner, 76 T.C. 228; Looper v. Commissioner,

73 T.C. 690; Camous v. Commissioner, 67 T.C. 721 (1977); Cowan v. Commissioner, 54 T.C. 647 (1970).

In Estate of Krueger v. Commissioner, 33 T.C. 667, 668 (1960), we held that the 150-day rule also applies to U.S. residents temporarily absent from the country. In Estate of Krueger, we agreed with the opinion of the Court of Appeals for the Second Circuit in Mindell v. Commissioner, 200 F.2d 38, 39 (2d Cir. 1952). See Estate of Krueger v. Commissioner, 33 T.C. at 668. In Mindell, the taxpayer, a U.S. citizen and indicted tax evader, moved with his family to Mexico. See Mindell v. Commissioner, 200 F.2d at 39. We had concluded in Mindell that the taxpayer was not regularly residing abroad and therefore was entitled to only 90 days. Id. The Court of Appeals for the Second Circuit reversed and stated:

> [W]e cannot agree * * * that the statute grants the 150 day period only to persons outside the designated area "on some settled business and residential basis, and not on a temporary basis * * *". We find nothing in the language of the statute or in its legislative history to suggest that Congress intended to differentiate between persons temporarily absent from the United States and persons "regularly residing" abroad. Whatever the reason for the taxpayer's absence from the country receipt of the deficiency notice was likely to be delayed if he was not physically present at the address to which the notice was sent; hence he was given additional time to apply for review of the deficiency. We think the fact of "residence" abroad irrelevant. [Id.]

The Court of Appeals for the Second Circuit said that residency was irrelevant because the taxpayer was outside the country, was not likely to return, and

therefore was entitled to 150 days under section 6213. Residency is, indeed, irrelevant where a U.S. resident is temporarily outside the country. There is nothing in Mindell, which rejected the notion that the 150-day rule is limited to foreign residents, or our Opinions, to support the contention in the first dissenting opinion that residency does not apply to, or is irrelevant with respect to, foreign residents. With respect to this Court's position, it also is noteworthy that, in Estate of Krueger, where we adopted the reasoning of Mindell, we included all of the above-quoted excerpt except the sentence deeming residence irrelevant. Estate of Krueger v. Commissioner, 33 T.C. at 668.

III.   Lewy v. Commissioner

In Lewy v. Commissioner, 68 T.C. 779, the taxpayer was a foreign resident temporarily present in the United States. The taxpayer was in the United States when the notice was mailed; however, we held that he was "outside the United States" for purposes of section 6213(a) and therefore was entitled to application of the 150-day rule. Id. at 785-786. We said that

> Our reasoning in Hamilton v. Commissioner, 13 T.C. 747 (1949), provides further support for our conclusion [that the 150-day rule applied]:
>
> "An interpretation of the provision as meaning something more substantial than the mere fortuitous circumstance of place where a taxpayer physically happened to be on a certain date would likewise

protect against hardship a taxpayer regularly residing outside the States of the Union and the District of Columbia, but who, through fortuitous circumstance, physically happened to be in one of the States of the Union on the particular day the deficiency notice was mailed to him, and would, because of his residence outside the States of the Union and the District of Columbia, preserve to him the right to the period of 150 days for the filing of his petition, just as it would for his neighbor who happened to be at home on the day when the deficiency notice was mailed." [13 T.C. at 753-754.] [Id. at 785; emphasis added.]

In addition, we held that Mindell and Estate of Krueger did not "vitiate the above quoted language" but simply "expanded the class of persons entitled to file within 150 days." Id. at 786. In short, we affirmed, rather than abandoned, our analysis in Hamilton. See id.

IV.    Degill Corp. v. Commissioner

A foreign resident's "outside the United States" status is appropriately tied to the focal point of the taxpayer's activities and property (i.e., residency). Linking a foreign resident's "outside the United States" status to residency is a reasonable and practical construction of the statute. A taxpayer's books, records, and residence are typically in the same place. Such status does not depend solely on the taxpayer's location on the notice's mailing and delivery dates. The analysis in Degill Corp. v. Commissioner, 62 T.C. 292 is illuminating. In Degill Corp., we held that the 150-day rule applied to a domestic corporation which had an office

in the United States, had its home office in the South Pacific, and conducted all of its business outside the United States. Id. at 293-294, 300. We observed that

> the crucial criterion to be gleaned from the decided cases is whether the 'person' is physically located outside the United States so that the notice of deficiency mailed to its United States address will be delayed in reaching it in a foreign country * * *, and thereby hamper its ability to adequately respond by filing a petition to litigate its case in this Court.* * * [ Id. at 299.]

We were "convinced that the * * * 'registered office' alone should not be considered the physical location of * * * [the corporation's] home office when its officers, books, records, majority stockholders, and entire equipment" were located abroad. Id. We also concluded that the taxpayer required additional time because its books, records, shareholders, and equipment were abroad. Id. Despite the fact that the corporation had a Philadelphia office and the notice was mailed and delivered in December 1972 to both the Philadelphia and foreign addresses, we held that where "the situs of corporate activity is entirely outside the United States, congressional concern for adequate response time for a taxpayer makes the 150-day rule applicable". See id. at 295, 299.

In essence, the corporation's "residency" was a relevant and determining factor. We analyzed the matter accordingly, following our holding in Hamilton establishing that foreign residents were entitled to application of the 150-day rule.

See Degill Corp. v. Commissioner, 62 T.C. at 297-300.  Specifically, we noted that Degill Corp. was not a case of a U.S. resident's temporary absence but was "a permanent absence from the United States which would have invoked the 150-day rule even under the former stricter rule of * * * [Hamilton]" (i.e., the rule limiting the 150-day rule to foreign residents).  Degill Corp. v. Commissioner, 62 T.C. at 300.  In sum, our analysis in Degill Corp. supports the analysis of the opinion of the Court.

Malekzad and Levy involved U.S. residents temporarily abroad, while in Looper the issue was whether "outside" modified "address" or "person."  Contrary to the reliance placed on them by the first dissenting opinion, these cases do not involve foreign residents and so do not speak to the case before the Court.[1]

---

[1]Indeed, the analysis in Levy v. Commissioner, 76 T.C. 228 (1981), and Malekzad v. Commissioner, 76 T.C. 963 (1981), contradicts the first dissenting opinion's assertion that physical location is determinative.  In Levy we stated that "[a]n inquiry into petitioners' geographic location at the precise moment the deficiency notice was mailed [is not controlling because it] is too narrow of a consideration to effectuate the purposes of the statute."  See Levy v. Commissioner, 76 T.C. at 231 (emphasis added).  In Malekzad, we held that taxpayers who were outside the United States when the notice was delivered were not "outside the United States" because other factors (i.e., the lack of delay) made the 150-day rule inapplicable.  See Malekzad v. Commissioner, 76 T.C. 963.  We stated that "the statute does not say that the determination of whether the 90-day period or the 150-day period applies depends upon the geographical location of the taxpayer at the exact time the statutory notice is mailed. * * *  The statute also does not say that the applicability of the 150-day period depends upon the taxpayer's geographical

(continued...)

For the foregoing reasons I agree with the reasoning and conclusion of the opinion of the Court.

THORNTON, FOLEY, VASQUEZ, GALE, WHERRY, PARIS, and KERRIGAN, JJ., agree with this concurring opinion.

---

[1](...continued)
location at the exact time the statutory notice is delivered by the Postal Service to the taxpayer's home." Id. at 969.

HALPERN, <u>J</u>., dissenting:

I.      <u>Introduction</u>

I disagree with the majority's determination that the statutory notice of deficiency (notice or statutory notice) that respondent addressed to petitioner for her 2000 tax year was addressed to a person outside the United States so that, pursuant to section 6213(a), she had 150 (rather than 90) days to file the petition.  The majority reads the words of section 6213(a), "a person outside the United States", as if Congress had, in fact, written "a person <u>residing</u> outside the United States <u>who is briefly present in the United States and who, while present, does not receive the notice</u>".  Petitioner was present in the United States for a two-week period bracketing both the mailing and delivery of the notice to her address (a U.S. address) last known to the Commissioner, and, in the light of the words actually used by Congress and the relevant caselaw, that is sufficient for me to conclude that the notice was <u>not</u> addressed to a person outside the United States.  Therefore, pursuant to section 6213(a), she had only 90, and not 150, days from the date the notice was mailed to file her petition with the Tax Court.  Her petition, filed 148 days after the notice was mailed, was not timely, and we should grant respondent's motion to dismiss for lack of jurisdiction.

II.     Discussion

    A.    Section 6213(a)

    In pertinent part, section 6213(a) provides:  "Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed * * *, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency."  Filing a timely petition for redetermination of a deficiency is a jurisdictional requirement.  Mindell v. Commissioner, 200 F.2d 38, 39 (2d Cir. 1952); Lewy v. Commissioner, 68 T.C. 779, 781 (1977).

    B.    Judicial Gloss

    The seemingly straightforward language of section 6213(a) allowing a taxpayer 150 days to file a petition "if the notice is addressed to a person outside the United States" has been subject to much judicial gloss since, as a wartime measure in 1942, its predecessor language was added to the Internal Revenue Code of 1939.  In Hamilton v. Commissioner, 13 T.C. 747 (1949), we rejected the Commissioner's argument that, because their last known addresses (to which the statutory notices had been sent) were within the United States, the two subject taxpayers had no more than 90 days to file petitions.  We held that the words "outside the [United States]" in a predecessor provision referred to a "person"

rather than to the word "addressed".[1]  We added, however, that the 150-day period was available only to persons outside the United States "on some settled business and residential basis, and not on a temporary basis".  Id. at 753.  We have since then rejected that distinction.  See Estate of Krueger v. Commissioner, 33 T.C. 667, 668 (1960).  In Estate of Krueger, we followed the lead of the Court of Appeals

---

[1]The legislative history of that predecessor provision in the Revenue Act of 1942, ch. 619, 56 Stat. 798, was described in Hamilton v. Commissioner, 13 T.C. 747, 750-751 (1949) as follows:

> The 150-day provision added at the end of section 272(a)(1) [of the Internal Revenue Code of 1939] first appeared when the Revenue Bill of 1942 was reported to the Senate by its Committee on Finance, and was explained in the committee report as follows:

> "Under existing law if a notice of deficiency in income tax is mailed to a taxpayer he has 90 days within which to file his petition with the Board of Tax Appeals.  In the case of a taxpayer in remote places, such as Hawaii or Alaska, this time limit may possibly work a hardship because of delays in transporting mail that may occur during the present hostilities.  To correct this hardship section 272(a)(1) of the Code has been amended to increase the period to 150 days if the notice is mailed to a person outside the States of the Union and the District of Columbia.  This extension applies only to deficiency notices mailed after the date of enactment of the act."  [Senate Finance Committee Report No. 1631, Seventy-seventh Congress, second session, p. 154.]

> As the result of a conference on the bill, the House receded and accepted the Senate amendment without explanation other than a statement in the conference report of the substance of the sentence added.

for the Second Circuit in <u>Mindell v. Commissioner</u>, 200 F.2d 38.  In <u>Mindell</u>, the

Court of Appeals reversed our unpublished order granting the Commissioner's

motion to dismiss for lack of jurisdiction on account of an untimely petition.

Apparently, we had found that the taxpayer, a fugitive from prosecution living with

his family in Mexico, was not regularly residing abroad.  We had therefore

concluded, on the authority of <u>Hamilton</u>, that he was entitled to no more than 90

days to file a petition.  While the Court of Appeals agreed with our interpretation in

<u>Hamilton</u> that the availability of the 150-day period turned on the location of the

person and not on a foreign address, it rejected the distinction we had drawn that the

150-day period was available only to persons out of the country "'on some settled

business and residential basis, and not on a temporary basis'".  <u>Id.</u> at 39.  Indeed, it

questioned our finding that Mr. Mindell was <u>not</u> regularly residing abroad.[2]  In any

event, it thought the fact of residence abroad to be irrelevant.  <u>Id.</u>  It stated:

> We find nothing in the language of the statute or in its legislative
> history to suggest that Congress intended to differentiate between
> persons temporarily absent from the United States and persons

---

[2]The Court of Appeals stated:  "But even on the Tax Court's theory that the taxpayer must show that he was 'regularly residing' abroad, we fail to see why his affidavit was insufficient to establish that fact.  Evidence that he had been indicted and jumped bail, if relevant at all, would seem to support his claim of residence in Mexico".  <u>Mindell v. Commissioner</u>, 200 F.2d 38, 39 (2d Cir. 1952).

"regularly residing" abroad. Whatever the reason for the taxpayer's absence from the country receipt of the deficiency notice was likely to be delayed if he was not physically present at the address to which the notice was sent; hence he was given additional time to apply for review of the deficiency. We think the fact of "residence" abroad irrelevant.

Id.

Subsequently, in Looper v. Commissioner, 73 T.C. 690, 694 (1980), we reconsidered the inference in Hamilton and other of our cases that the 150-day rule applies only in cases where the taxpayer is out of the United States and not in cases where the address is a foreign address. We stated that the common element in the decided cases is a recognition that the receipt of mail is often delayed when it travels abroad. Id. We quoted the following language from Degill Corp. v. Commissioner, 62 T.C. 292, 299 (1974), as illustrating our reasoning in the decided cases.

"As we see it, the crucial criterion to be gleaned from the decided cases is whether the 'person' is physically located outside the United States so that the notice of deficiency mailed to its United States address will be delayed in reaching it in a foreign country, possession, or territory, and thereby hamper its ability to adequately respond by filing a petition to litigate its case in this Court. * * *"

Looper v. Commissioner, 73 T.C. at 694. We rejected as "unduly restrictive" a reading of the statute that the 150-day rule applies only in cases where the taxpayer is out of the United States and not in cases where the address is a foreign address.

Id. We stated: "The literal terms of the statute can support a reading that the 150-day rule applies either when the taxpayer is out of the country or when the address on the notice is a foreign address and the legislative history is such that it does not foreclose either construction." Id. We held accordingly. Id. at 695-696.

C.     Foreign Residence No Longer Decisive

While in Hamilton v. Commissioner, 13 T.C. 747, the taxpayer's residence abroad was decisive to our determination that he was, in the words of the present statute, "a person outside the United States" (entitled to 150 days to file a petition), we have, as discussed, since then disregarded the distinction between expatriates and those sojourning abroad in determining whether a taxpayer is such a person. Foreign residence as a decisive factor has given way to physical location outside the United States as the "crucial criterion", applicable both to expatriates and those sojourning abroad, in determining who (despite the notice having been mailed to their U.S. last known address) is "a person outside the United States." See Degill Corp. v. Commissioner, 62 T.C. at 299. Indeed, our reading of Hamilton seems to have evolved consistent with that distinction. In Levy v. Commissioner, 76 T.C. 228, 230 (1981), we cited Hamilton for the proposition that the phrase, in section 6213(a), "addressed to a person outside the United States" means "the taxpayer to whom the notice is addressed must have been located abroad." (Emphasis added.)

In <u>Looper v. Commissioner</u>, 73 T.C. at 693, we were more explicit, stating that, in <u>Hamilton</u>, we read section 272(a)(1) of the Internal Revenue Code of 1939 (the predecessor to section 6213(a)) "to provide the 150-day period for persons who were <u>physically</u> outside the United States at the time the statutory notice was mailed". (Emphasis added.) In <u>Degill Corp.</u>, we were faced with determining the physical location of an artificial person, a domestic corporation, whose entire business operations were overseas. Because of the exclusiveness of its activities overseas, we concluded that "this domestic corporation was <u>physically located</u> abroad", entitled to 150 days to file a petition. <u>Degill Corp. v. Commissioner</u>, 62 T.C. at 300 (emphasis added). We were careful not to suggest that a temporary absence of officers from the U.S. home office of a domestic corporation requires the 150-day rule to apply. <u>Id.</u> We stated: "Here we have a permanent absence from the United States which would have invoked the 150-day rule even under the former stricter rule of <u>Rebecca S. Hamilton</u>, 13 T.C. 747 (1949)." <u>Id.</u> In other words, we saw no need to address the question of whether, on account of the overseas travel of the officers of a domestic, U.S. headquartered corporation, the corporation would be considered as physically located abroad, so as to be entitled to 150 days to file a petition pursuant to the temporarily-absent-from-the-country rule we adopted in <u>Estate of Krueger v. Commissioner</u>, 33 T.C. 667.

While physical location and residence will often coincide, a taxpayer may not at all times be physically located (present) at her residence. If, as we said in <u>Degill Corp. v. Commissioner</u>, 62 T.C. at 299, "the crucial criterion" is whether the taxpayer "is physically located outside the United States", then, when residence and location fail to coincide, the former must give way to the latter.

Our position with respect to determining whether a taxpayer is a person outside the United States (and thus entitled to 150 days to file a petition) is distilled in the following language from <u>Looper v. Commissioner</u>, 73 T.C. at 694: "the 150-day rule applies either when the taxpayer is out of the country or when the address on the notice is a foreign address". And, as the development of our caselaw shows, out of the country means "physically located outside the United States". <u>Degill Corp. v. Commissioner</u>, 62 T.C. at 299.[3] Although we continue on occasion to cite

---

[3]There are, of course, the questions of "when" and of for "how long" must the taxpayer be absent from the country in order to be allowed 150 days to file a petition. In <u>Malekzad v. Commissioner</u>, 76 T.C. 963, 969 (1981), we noted that, while sec. 6213(a) prescribes that the period (whether 90 or 150 days) to file a petition runs from the date of mailing of the statutory notice, the statute does not prescribe the time as of when the determination is to be made that the notice is addressed to a person outside the United States. We stated: "In determining the applicability of the 150-day period as opposed to the 90-day period, * * * the Court has chosen to look at both the date of mailing of the statutory notice and the date it was finally received by the taxpayer." <u>Id.</u> at 969-970. The notice in <u>Malekzad</u> was delivered to the taxpayers' home on a Saturday. Earlier on that day they had departed on an overnight trip to Mexico. We refused to read the statute as saying

(continued...)

<u>Hamilton</u>, the portion of that report that pegs an extended period to file a petition to residence abroad is an anachronism.

D.     <u>Ephemeral Presence Disregarded</u>

An expatriate need not worry that her ephemeral presence in the United States will limit her to 90 days to petition a statutory notice delivered to her U.S. last known address while she was for a short time in (perhaps transiting) the United States.  While the authority addresses the reverse situation, i.e., whether a taxpayer's temporary absence from the United States makes him "a person outside the United States" (with 150 days to file a petition), the deciding principles should be the same.

---

[3](...continued)
that the applicability of the 150-day period turns on the taxpayer's location at the exact time the notice is delivered by the Postal Service to the taxpayer's home.  <u>Id.</u> at 969.  Nevertheless, although apparently granting that, because of their departure from the United States on the delivery day, the Malekzads were outside the United States on that day, we held that their absence was too brief to entitle them to an extended period to file a petition.  In <u>Malekzad</u>, we first made clear that a taxpayer has 150 days from the date a statutory notice is <u>mailed</u> to file a petition if, on the day the notice is <u>delivered</u>, she is outside the United States.  We then determined that, if the taxpayer departs from the United States on the delivery day, she is deemed to be outside the United States for all of that day.  We thus resolved an ambiguity with respect to a taxpayer's location on the delivery date.  There is no ambiguity in this case as to petitioner's location on the day the notice was delivered to her post office box:  She was in San Francisco.  As evidenced by <u>Malekzad</u>, and as discussed in the next section of this dissenting opinion, we may disregard a taxpayer's ephemeral absence from, or presence in, the United States.  Petitioner's presence in the United States was not, as we have considered the term, ephemeral.  She is entitled to only 90 days to file the petition.

In <u>Cowan v. Commissioner</u>, 54 T.C. 647, 652 (1970), we held that the taxpayers, "who merely went across the border into Mexico for part of 1 day" were not persons outside the United States entitled to 150 days to file their petition. In <u>Malekzad v. Commissioner</u>, 76 T.C. 963, 970 (1981), allowing no extended filing period on account of the taxpayers's overnight trip to Mexico, we described the taxpayer's 11-hour absence in <u>Cowan</u> as "ephemeral" and added: "By the same token, a mere ephemeral presence in the United States on the date of mailing of the statutory notice also will not necessarily deprive a taxpayer of the benefits of the 150-day period". In <u>Levy v. Commissioner</u>, 76 T.C. 228, the taxpayers were entitled to 150 days to file their petition where they left on a 5-day trip to Jamaica on the day a statutory notice was mailed to their residence and the notice was awaiting them on their return. Considering these cases, our position appears to be that a few-hours' or an overnight absence from the United States is ephemeral (i.e., it is as if the taxpayer never left the country), whereas an absence of four days encompassing the mailing and delivery of the notice places the taxpayer "outside the United States" for purposes of section 6213(a). Thus, even under the majority's interpretation that a taxpayer is "a person outside the United States" (entitled to 150 days to file a petition) if she resides abroad and is only temporarily in the United States when a statutory notice is mailed to her U.S. last known address, <u>Levy</u> would appear to

require that petitioner be accorded only 90 days to file since she was in the United States for just over a two-week period during which the notice was both mailed to, and delivered to, her last known address, in the United States. In other words, her physical presence in the United States was not sufficiently temporary (i.e., "ephemeral"), and it cannot be disregarded for purposes of section 6213(a).

E.    When Absence Matters

An expatriate may visit the United States, and a U.S. resident may travel abroad. In Lewy v. Commissioner, 68 T.C. 779, the taxpayer, a resident of France, who was temporarily in the United States, left the country the day after a statutory notice was mailed to his U.S. address. We allowed the taxpayer 150 days to file a petition, finding that Congress intended the extended period to apply not only to those who, because of receipt of the notice after 90 days have run, are "totally prevented" from petitioning the Tax Court within that time, but also "to persons like petitioner who experience significant delays in receiving notices due to absence from the country." Id. at 785. We stated: "We are unwilling to frustrate this clear congressional policy by relegating petitioner to a lesser period whenever there exists some conceivable way filing could be accomplished within that time." Id. We added: "Our reasoning in Hamilton * * * provides further support for our

conclusion", and we quoted language from Hamilton in which we pointed out that, if residence were decisive, physical presence in the United States on the day a statutory notice was mailed to him would not deprive the taxpayer of 150 days to file a petition.[4] Id.

In Levy v. Commissioner, 76 T.C. 228, discussed supra, the statutory notice was mailed to the taxpayers at their last known address, their residence, in Chicago, Illinois, on the same day they departed the United States for a five-day vacation in Jamaica. The notice was delivered to their residence on the second day of their vacation and was there when they returned, three days later. We allowed the taxpayers 150 days to file a petition. We first put aside the fact that they were both inside and outside the United States on the day the notice was mailed to them, stating: "In any event, the petitioners were abroad when the statutory notice was delivered at their home, and this seems to be what the statute contemplates." Id. at 231. We then stated: "The 150-day period has been held to apply not only to * * * [expatriates] but also to persons who are temporarily absent from the country". Id. We added, relying for authority on Lewy: "In addition, the absence from the

---

[4]The quote is dictum, the Hamilton court not being presented with that circumstance. Indeed, the majority describes the quote as the Hamilton court's musing. See op. Ct. p. 8.

country must result in delayed receipt of the deficiency notice." Id. (citing Lewy v. Commissioner, 68 T.C. at 783).

Clearly, in Levy, the taxpayers' U.S. residence played no role in our consideration of whether they were entitled to a 150-day filing period. Indeed, we dismissed residence as a relevant concern. And in retrospect, while in Lewy we found support in Hamilton, the fact that Mr. Lewy was a French resident made no difference whatsoever. What made a difference in Lewy (and it is for the thing that made a difference in Lewy that we cited it in Levy) was that Mr. Lewy's "absence from the country * * * result[ed] in [his] delayed receipt of the deficiency notice." Levy v. Commissioner, 76 T.C. at 231.[5]

A close reading of Levy and Lewy shows that, in the case of those temporarily inside or outside the United States, residence is beside the point. Absence from the United States, resulting in delay, is what matters.

---

[5]The notion that to be entitled to 150 days to file a petition the taxpayer must show not only absence from the country but also an attendant delay in receipt of the notice was established in Cowan v. Commissioner, 54 T.C. 647 (1970), a Court-reviewed report. In Cowan, discussed supra, we found that the taxpayers, who were in Mexico for about 11 hours on the day a statutory notice was mailed to their North Hollywood, California, address, were entitled to only 90 days to file a petition. We quoted the "resident-abroad-irrelevant language" from Mindell and, relied, instead, on the fact that spending 11 hours in Mexico is not likely to result in delayed delivery. Id. at 652.

F.     Hamilton Not Dispositive

In Hamilton v. Commissioner, 13 T.C. 747, we read what is now the term "a person outside the United States" as, in effect, describing an expatriate.  Today, we must decided whether an expatriate whose last known address is in the United States and who is physically present in the United States when a statutory notice is mailed to that address is, at that time, "a person outside the United States".  With respect to petitioner, the majority states:  "her status as a person 'outside of the United States' is largely a function of her residency and is not vitiated by her brief presence in the United States."  See op. Ct. p. 11 (emphasis added).  If her status is "largely" a function of her residence, then it is not exclusively a function of her residence, and Hamilton is not dispositive.  In other words, for the majority, petitioner's expatriation is not, in and of itself, sufficient to qualify her for an extended (150-day) period to file a petition.

G.     Other Factors

In Hamilton we read Congress' words "a person outside the States of the Union and the District of Columbia"[6] as if Congress had in fact written "a person residing outside the States of the Union and the District of Columbia".  The majority now reads the words of section 6213(a) "a person outside the United States" as if

_____

[6]The predecessor to today's "a person outside the United States".

Congress had in fact written "a person <u>residing</u> outside the United States <u>who is briefly present in the United States and who, while present, does not receive the notice</u>".

The addition of the nonreceipt criterion is evidenced by the majority's including in its explanation of why petitioner is in the category of taxpayers that Congress intended to benefit with an extended filing deadline a finding that petitioner (while in the United States) was not at the address to which the notice was delivered.  <u>See</u> op. Ct. p. 11.  The importance of that finding is evidenced by the majority's preceding discussion concluding that, not only does the briefness of petitioner's presence play a role, <u>see</u> op. Ct. p. 9, but:  "Similarly, a foreign resident may be 'a person outside the United States' even if the foreign resident is in the United States on the notice's delivery date (i.e., <u>if the taxpayer ultimately receives notice several months later while in the foreign country</u>)."  (Emphasis added.)  The inference is that, if an expatriate receives a statutory notice while present in the United States, the expatriate is, as of the time of receipt, no longer "a person outside the United States".

Certainly, Congress knows how to make clear that nonreceipt of a statutory notice entitles a person to some relief.  In specifying the rules for a so-called collection due process hearing, Congress, in section 6330(c)(2)(B), provided that a

person may at such a hearing raise a challenge to the existence or amount of the underlying tax liability "if the person did not receive any statutory notice of deficiency for such tax liability".  To the contrary, receipt of the notice plays no role in the interaction between section 6212(b)(1), which, in general, makes "sufficient" the mailing of the statutory notice to the taxpayer's last known address, and section 6213(a), which allows the taxpayer 90 days or, in the case of a "notice * * * addressed to a person outside the United States", 150 days after the notice is mailed to file a petition with the Tax Court.  Indeed, the irrelevance of receipt is underlined by the concluding words of section 6212(b)(1), which provide that a notice mailed to the taxpayer's last known address is sufficient "even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence."  Caselaw is consistent with the absence of any requirement of receipt before the taxpayer's section 6213(a) period to petition the Tax Court begins to run. See, e.g., Keado v. United States, 853 F.2d 1209, 1211-1212 (5th Cir. 1988); DeWelles v. United States, 378 F.2d 37, 39 (9th Cir. 1967); Estate of McKaig v. Commissioner, 51 T.C. 331, 335 (1968); Spivey v. Commissioner, T.C. Memo. 2001-29, aff'd, 29 Fed. Appx. 575 (11th Cir. 2001).

The addition of a nonreceipt criterion to the determination of whether a statutory notice is addressed to a person outside the United States also leads to a

paradox if the taxpayer specified in a notice addressed to her last known (U.S.) address is in the country when the notice is mailed and delivered to that address but is not physically present to retrieve it. If she does not retrieve it before departing the United States, the majority would conclude that it was addressed to a person outside the United States, who has 150 days to file her petition. If, on the other hand, she retrieves it before departing, then, apparently, the majority would conclude that it was not addressed to a person outside the United States, who has only 90 days to file her petition. As to petitioner, her status was thus indeterminate between the delivery of the notice to her post office box on December 31, 2007, and her departure from the United States on January 8, 2008. Section 6213(a) pegs the period during which a taxpayer may file a petition with the Tax Court to the date the notice is mailed. Until petitioner left the country on January 8, 2008, the period she had (90 or 150 days) to file her petition was not only unknown; it was, under the majority's rationale, unknowable. When she left without retrieving the notice, she satisfied the majority's definition of a person outside the United States; but, had she visited her post office box before departing and retrieved the notice, then her physical location, inside the United States, would have prevailed and her time to petition would have been fixed at 90 days.

The majority states: "Where a statute is capable of various interpretations, we are inclined to adopt a construction which will permit the Court to retain jurisdiction without doing violence to the statutory language." See op. Ct. p. 6. I believe that the majority's reading of the words in section 6213(a) "a person outside the United States" as if Congress had, in fact, written "a person residing outside the United States who is briefly present in the United States and who, while present, does not receive the notice" does do violence to the statutory language. We must keep in mind the general proposition that grants of jurisdiction to the Federal courts should be narrowly construed. See, e.g., United States v. Mitchell, 445 U.S. 535, 538 (1980):

> It is elementary that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). In the absence of clear congressional consent, then, "there is no jurisdiction in the Court of Claims more than in any other court to entertain suits against the United States." United States v. Sherwood, supra, at 587-588. [Some citations omitted.]

III.  Conclusion

The meaning of the expression "a person outside the United States" has during the last 60 years taken on a fixed meaning, dependent on the taxpayer's

physical location.  The majority's rewrite of section 6213(a) not only contradicts that meaning but presents an implausible construction of the statute.  We should grant respondent's motion to dismiss for lack of jurisdiction on the ground that petitioner had 90 days to file the petition and the petition, filed on the 148th day, was not timely.

HOLMES, GUSTAFSON, and MORRISON, <u>JJ</u>., agree with this dissent.

GUSTAFSON, J., dissenting: The taxpayer in this case did not file her petition "within 90 days" after the mailing of the IRS's notice of deficiency, see 26 U.S.C. sec. 6213(a), but rather 148 days. We therefore lack jurisdiction unless "the notice is addressed to a person outside the United States." Id. It was not so addressed.

Rather, the notice was addressed to the taxpayer's post office box address in San Francisco, California (an address obviously inside the United States); and at the time the notice was mailed by the IRS and delivered to that post office box, the taxpayer was in San Francisco (i.e., was inside the United States). The notice of deficiency was therefore neither addressed to nor delivered to "a person outside the United States". The deadline for filing a petition was therefore the 90-day deadline.

Various other facts about the taxpayer's situation could be adduced to make the situation appear more sympathetic (e.g., she was very busy moving, and she never saw the notice) or less sympathetic (e.g., she was in San Francisco a full week after delivery but did not check her mail); but the statute makes no mention of such considerations. It provides a 90-day deadline, and it makes an exception

only when "the notice is addressed to a person outside the United States."  That exception is not met here.  I would dismiss the petition.

HALPERN, KROUPA, HOLMES, and MORRISON, JJ., agree with this dissent.