T.C. Memo. 2006-5

UNITED STATES TAX COURT

DANNY C. LY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5183-05.                    Filed January 12, 2006.

Danny C. Ly, pro se.

Steven M. Roth, for respondent.

MEMORANDUM OPINION

LARO, Judge:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that petitioner failed to file his petition within the time prescribed in section 6213(a) or 7502.[1]  On March 17, 2005, petitioner filed

_____

[1] Section references are to the applicable versions of the Internal Revenue Code.

with this Court a petition to redetermine respondent's determination that petitioner had a $1,560 Federal income tax deficiency for 2003.[2]  The petition was mailed to this Court by certified mail in an envelope that bears a U.S. postmark of Mar. 10, 2005.  Respondent's determination is reflected in a notice of deficiency that was mailed to petitioner on November 22, 2004.  Respondent mailed this notice to petitioner's last known address of 215 W. Las Flores Ave., Arcadia, California 91007.

Petitioner bears the burden of proving that this Court has jurisdiction to decide this case.  Cassell v. Commissioner, 72 T.C. 313, 317-318 (1979).  It is well established that our jurisdiction requires a valid notice of deficiency and a timely filed petition, and we must dismiss a case in which either one or the other is not present.  Sec. 6213(a); Cross v. Commissioner, 98 T.C. 613, 615 (1992).  Section 6213(a) provides that where a notice of deficiency is addressed to an individual within the United States, the taxpayer may file with this Court a petition to redetermine the deficiency within 90 days of the mailing of that notice of deficiency.  Section 7502(a) provides that in general, timely mailing is treated as timely filing if a petition is delivered to the Court by U.S. mail after the time period

---

[2]  When this petition was filed, petitioner lived in Arcadia, California.  Petitioner's petition stated that "TAXPAYER HAS ADDITIONAL DEDUCTIONS TO CLAIM."

prescribed for its filing and the U.S. postmark date stamped on the envelope is within the appropriate time period.

Under sections 6213(a) and 7503, the 90-day period within which petitioner could challenge respondent's determination in this Court expired on February 22, 2005. Because petitioner failed to file his petition within the statutory 90-day period, we must grant respondent's motion to dismiss for lack of jurisdiction. Our decision, however, does not deprive petitioner of his right to contest respondent's determination by paying the tax, filing a claim for refund, and then, if the claim is denied, bringing a suit for refund in a United States District Court or the Court of Federal Claims. Our decision instead forecloses petitioner from contesting respondent's determination in this Court. See <u>Budlong v. Commissioner</u>, 58 T.C. 850, 854 n.2 (1972).

Accordingly,

<u>An order of dismissal will be entered</u>.