# United States Tax Court

T.C. Summary Opinion 2024-26

ROSA M. MARCANO,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 1065-24S.                    Filed December 23, 2024.

————————

*Christopher P. Housh*, for petitioner.

*Douglas L. Bryan* and *Trent D. Usitalo*, for respondent.

SUMMARY OPINION

ARBEIT, *Judge*: This case was brought pursuant to the provisions of section 7463[1] in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This deficiency case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by section 6213(a). The issue presented is whether petitioner had 90 days or 150 days to file the petition. Because petitioner had 90 days to file the petition and did not do so within that period, we lack jurisdiction and so will grant respondent's motion.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times.

*Background*

The material facts are not in dispute. When the petition was filed, petitioner resided in California. This case generally would be reviewable by the U.S. Court of Appeals for the Ninth Circuit under section 7482(b)(1)(A) but for the fact that this case was brought under section 7463.

On October 2, 2023, respondent mailed to petitioner by certified mail a notice of deficiency for tax year 2021 (notice). Petitioner does not dispute she was in the country when the notice was delivered, which according to the U.S. Postal Service was October 5, 2023.

From October 23 to 30, 2023, petitioner was on a trip to Cabo San Lucas, Mexico. From December 15, 2023, to January 28, 2024, she was on a trip to Bogota, Colombia.

On January 17, 2024, 107 days after the mailing of the notice, the petition was filed. The petition is signed and dated January 10, 2024.[2]

*Discussion*

The Tax Court, like all federal courts, is a court of limited jurisdiction: we may exercise our jurisdiction only to the extent prescribed by Congress. *See* § 7442. In a deficiency case our jurisdiction depends on the issuance of a valid notice of deficiency and the timely filing of a petition within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency is mailed (not counting as the last day Saturday, Sunday, or a legal holiday in the District of Columbia). § 6213(a); *Organic Cannabis Found., LLC v. Commissioner*, 962 F.3d 1082, 1092 (9th Cir. 2020); *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126, 166 (2022); *see Sanders v. Commissioner*, 161 T.C. 112, 119–20 (2023) (holding that the Court will continue treating the deficiency deadline as jurisdictional in cases appealable to jurisdictions outside the U.S. Court of Appeals for the Third Circuit). We have no authority to extend the period for timely filing: if the petition is not filed within the statutorily prescribed time, we must dismiss a case for lack of jurisdiction. *Hallmark Rsch.*

---

[2] The petition was mailed January 15, 2024, from California by Edward J. Sutton of Sutton Financial Services, to whom the notice was sent "in care of." Mr. Sutton (who offers tax preparation and planning services) apparently mailed the petition on petitioner's behalf while she was abroad.

*Collective*, 159 T.C. at 166–67; *Joannou v. Commissioner*, 33 T.C. 868, 869 (1960).

Petitioner does not dispute that her petition was untimely under the 90-day period normally prescribed by section 6213(a). She acknowledges that the 90-day period expired January 2, 2024, and that the petition was filed on January 17, 2024. Nonetheless, petitioner argues that, because she was outside the United States for 24 days of the 90-day period, she is entitled to the longer 150-day period.

The 150-day period applies not only to persons outside the United States "'on some settled business and residential basis,' but also to persons who are temporarily absent from the country." *Levy v. Commissioner*, 76 T.C. 228, 231 (1981) (quoting *Mindell v. Commissioner*, 200 F.2d 38, 39 (2d Cir. 1952)). For the 150-day period to apply, however, the temporary absence from the country must somehow result in "delayed receipt" of the notice of deficiency. *Id.*; *see also Evenhouse v. Commissioner*, T.C. Memo. 2023-113, at *4.

In determining whether the 150-day period applies, we consider both the date of mailing and the date of receipt of the notice of deficiency: the crucial inquiry is whether a taxpayer falls into the category of persons that Congress intended to benefit from a longer filing period. *Malekzad v. Commissioner*, 76 T.C. 963, 969–70 (1981). Congress enacted the 150-day rule to prevent hardship caused by a taxpayer's absence from the United States and the consequent risk of delays in receiving mail. *See Looper v. Commissioner*, 73 T.C. 690, 694–95 (1980).

The facts petitioner asserts are not enough to entitle her to the 150-day period for filing the petition. Petitioner was in the United States when the notice was mailed, in the United States when the notice was delivered, and in the United States for almost three weeks thereafter. Indeed, petitioner concedes she was in the United States at least 66 days of the 90-day period.

Petitioner is ineligible for the 150-day period because her absence from the country neither delayed her receipt of the notice nor otherwise adversely affected her ability to file a timely Tax Court petition. *See Malekzad*, 76 T.C. at 971–72 (holding that the 150-day rule did not apply to taxpayers who were in the United States on the notice's mailing date and did not experience delay in receiving the notice); *Cowan v. Commissioner*, 54 T.C. 647, 652 (1970) (holding that the 150-day rule did not apply to a taxpayer who went on a day trip to Mexico on the

notice's mailing date); *Roberts v. Commissioner*, T.C. Memo. 1998-301, 1998 WL 485467, at *4 (holding that the 150-day rule did not apply to taxpayers who were in the United States when the notice was mailed and received, but taxpayer-husband was outside the United States from the day after receipt through the 90-day period); *Logan v. Commissioner*, T.C. Memo. 1993-22, 1993 WL 7559, at *2 (holding that the 150-day rule did not apply to taxpayers who were outside the United States on the notice's mailing date but returned to the country before the notice was received).

Petitioner argues that the result here should follow the result in *Wade v. Commissioner*, T.C. Memo. 1998-235, 1998 WL 352261. In *Wade*, however, the taxpayer left the country the day the notice of deficiency was mailed and did not return for more than two weeks. *Id.* at *2. The Court found the receipt of the notice of deficiency was "delayed approximately 19 days." *Id.* Here there was no delay: petitioner was in the United States when the notice was mailed, in the United States when the notice was delivered, and in the United States for almost three weeks thereafter. *Wade* is inapposite.

Because the petition was not filed within the applicable 90-day period, we lack jurisdiction under section 6213(a) and must dismiss this case for lack of jurisdiction. Although petitioner may not prosecute this case in the Tax Court, she is not without remedy. She may pay the amount in dispute and file a claim for refund. *See* § 7422(a); *McCormick v. Commissioner*, 55 T.C. 138, 142 n.5 (1970); *see also Ly v. Commissioner*, T.C. Memo. 2006-5, 2006 WL 83122, at *1. If that claim is denied (or not acted upon after six months), petitioner may file a suit for refund in the appropriate U.S. district court or the U.S. Court of Federal Claims. See §§ 7422(a), 6532; *McCormick*, 55 T.C. at 142 n.5; *see also Ly v. Commissioner*, 2006 WL 83122, at *1.

To reflect the foregoing,

*An appropriate order of dismissal for lack of jurisdiction will be entered.*